UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; ARISTA RECORDS, INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and, BMG MUSIC, a New York general partnership,<br><br>                Plaintiffs,<br><br>v.<br>NOOR ALAUJAN,<br><br>                Defendant. | CIVIL ACTION No. 03-CV-11661-NG<br><br>LEAD DOCKET NUMBER |

## PLAINTIFFS' MOTION FOR DISCOVERY SCHEDULING ORDERS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), Plaintiffs Arista Records, Inc.; Atlantic Recording Corporation; BMG Music Corporation; Capitol Records, Inc.; Elektra Entertainment Group, Inc.; Fonovisa, Inc.; Interscope Records; Priority Records LLC; Motown Record Company, L.P.; Sony Music Entertainment, Inc.; UMG Recordings, Inc.; Virgin Records America, Inc.; and Warner Bros. Records, Inc. (collectively, "Plaintiffs") respectfully request that this Court issue separate scheduling orders with regard to each of the following defendants: Colleen Fanguiaire, Nancy Kinchla, Christopher McLaughlin, Katherine Monahan, Walid Smayha, Shawn Scott, Yevgeniya Shnayder, Catherine Simmons, Patti Callagy, Maureen Jones, and Regina Poshkus (referred to herein as the "Active Defendants"). As reason therefore, Plaintiffs states that these cases (which are currently

consolidated under the above-referenced lead docket number) are now ready to enter the discovery phase.

In support of this motion, Plaintiffs state as follows:

1.      On September 9, 2003, certain of the Plaintiffs filed complaints against thirty-six (36) defendants, including Colleen Fanguiaire, Nancy Kinchla, Christopher McLaughlin, Katherine Monahan, Walid Smayha, Shawn Scott, Yevgeniya Shnayder and Catherine Simmons.

2.      On October 30, 2003, Plaintiffs filed nine (9) additional complaints asserting copyright claims against other individual defendants, including, among others, Patti Callagy, Maureen Jones, and Regina Poshkus.

3.      In each of the complaints against the Active Defendants, Plaintiffs alleged numerous violations of copyright law based upon each individual defendant's unique use of an online peer-to-peer media distribution system to download particular copyrighted recordings, to distribute them, and/or to make those recordings available for distribution to others.

4.      On September 30, 2003 and November 15, 2003, this Court entered orders consolidating individual actions under Capitol Records, Inc. et al. v. Alaujan, Lead Docket No. 03-11661 NG.  The Court rested its action on the grounds that "[t]he cases involve common parties and common factual and legal issues because the suits are based on the same conduct -- allegedly obtaining or distributing copyrighted music over the Internet."  See Court Docket Nos. 4 and 61.  Subsequently-filed related cases have not been consolidated into Alaujan.

5.      Throughout these proceedings, the Plaintiffs have been actively engaged in negotiating settlements with Defendants who have opted to appear and have sought default judgments against Defendants who, after repeated warnings, have failed to appear or contact

Plaintiffs to negotiate a settlement. The majority of the lawsuits that have been filed have been resolved either through settlement or default process.

6. Between April 2004 and May 2004, counsel for the Plaintiffs identified all Defendants who had answered the respective complaints against them and sought to confer pursuant to Fed. R. Civ. P 16 and 26 with individual Defendants regarding the terms, scope and procedure involved in discovery, as well as the other topics identified in Fed. R. Civ. P 26(f) and Local Rule 16.1. In particular, Plaintiffs proposed a discovery schedule involving one hundred eighty (180) days of fact discovery and one hundred fifty (150) days of expert discovery. Despite Plaintiffs' efforts, the Defendants that were contacted either opted not to respond to counsel's efforts or to seek a stay of proceedings from this Court.

7. On June 2, 2004, the Court issued a Scheduling Order that lifted the stay of proceedings as to all Defendants, effective July 1, 2004.

8. Currently, eleven of these pending actions are ready to proceed to the discovery phase, including the matters involving the Active Defendants.

9. On or about February 15, 2005, Plaintiffs' counsel wrote to each of the Active Defendants or their counsel, asking to confer with them regard to discovery and submitted a proposed Local Rule 16.1 Joint Statement to each Active Defendant, in the forms attached hereto as <u>Exhibits A through K</u>. The proposed Joint Statement provided for one hundred eighty (180) days of fact discovery, followed by one hundred fifty (150) days of expert discovery.

10. Plaintiffs have sought to confer in good faith with the Active Defendants on multiple occasions, including between April 2004 and May 2004, as well as in February 2005 and March 2005. The Active Defendant who has responded to Plaintiffs' efforts consented to the

Plaintiffs' proposed discovery schedule and none of the Defendants have raised any objection to the Plaintiffs' proposed Joint Statements.

11. In particular, on March 1, 2005, Defendant Kinchla indicated her assent to the terms of the proposed Joint Statement. No responses from any other Active Defendants have been received.

12. Each active matter involves different Plaintiffs and a different Defendant, different factual circumstances (*e.g.*, different Internet service providers, different individuals involved in the alleged downloading and thus, different sources of discovery), and different copyrighted works. In view of these distinctions, the resolution of any particular discovery dispute in one active matter is unlikely to assist the resolution of the action involving another Defendant. Treating the actions involving the eleven Active Defendants as separate and distinct cases will assist the efficient resolution of these actions without prejudicing any party. Indeed, such individual treatment will reduce the amount of unrelated court documents to each Active Defendant, reducing the possibility for confusion and the time needed to review those materials.

13. As these actions have been pending since September 9, 2003 and October 30, 2003, the cases involving the eleven Active Defendants are ready to proceed and further delay may prejudice the Parties' ability to obtain relevant discovery.

In view of these circumstances, Plaintiffs respectfully request that this Court enter separate scheduling orders based upon the proposed Joint Statements filed herewith as <u>Exhibits A through K</u> to govern the pretrial phase of the cases involving defendants Patti Callagy, Colleen Fanguiaire, Maureen Jones, Nancy Kinchla, Christopher McLaughlin, Katherine Monahan, Regina Poshkus, Walid Smayha, Shawn Scott, Yevgeniya Shnayder, and Catherine Simmons.

|  | ARISTA RECORDS, INC.; ATLANTIC RECORDING CORPORATION; BMG MUSIC CORPORATION; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP, INC.; FONOVISA, INC.; INTERSCOPE RECORDS; PRIORITY RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; SONY MUSIC ENTERTAINMENT, INC.; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS, INC., By their attorneys, |
|---|---|
|  |  /s/ Gabriel M. Helmer<br>Colin J. Zick (BBO No. 556538)<br>Gabriel M. Helmer (BBO No. 652640)<br>Jocelyn L. Heyman (BBO No. 660240)<br>Foley Hoag LLP<br>155 Seaport Blvd.<br>Boston, MA  02210<br>(617) 832-1000 |
| Dated: May 9, 2005 | ATTORNEYS FOR PLAINTIFFS |

Of Counsel:
Stacey E. Deere
SHOOK HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550
Fax:    (816) 421-5547

## LOCAL RULE 7.1 CERTIFICATION

     The undersigned counsel for the plaintiffs hereby certifies that counsel for Plaintiffs attempted in good faith to confer on this motion with the following defendants by telephone on or before May 6, 2005, but was unable to resolve this issue:

     Patti Callagy
     Colleen Fanguiaire
     Maureen Jones
     Nancy Kinchla
     Christopher McLaughlin
     Katherine Monahan
     Regina Poshkus
     Walid Samaha
     Shawn Scott
     Yevgeniya Shnayder
     Catherine Simmons

     **/s/ Gabriel M. Helmer**
     Gabriel M. Helmer

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2005, I caused a true copy of the above document to be served upon the following defendants or their counsel by mail:

| | |
|---|---|
| *Attorney for Patti Callagy*:<br><br>Douglas T. Evans, Esq.<br>58 Main Street<br>Topsfield, MA 01983 | Regina Poshkus<br>251 N. Bedford St.<br>East Bridgewater, MA 02333 |
| Colleen Fanguiaire<br>135 Hillside St., Apt. 2<br>Roxbury Crossing, MA 02120 | Walid Samaha<br>2205 Centre St., Apt. 1<br>West Roxbury, MA 02132 |
| *Attorney for Maureen Jones*:<br><br>Michael Manzi, Esq.<br>Manzi & Manzi<br>59 Jackson Street<br>Lawrence, MA 01840 | Shawn Scott<br>14 Garrison Road<br>Brookline, MA 02445 |
| *Attorney for Nancy Kinchla*:<br><br>Daniel T. Doyle, Esq.<br>P. O. Box 167<br>61 Main Street<br>Blackstone, MA 01504 | Yevgeniya Shnayder<br>31 Star Rd.<br>Newton, MA 02465 |
| *Attorney for Christopher McLaughlin*:<br><br>Robert E. Sullivan, Esq.<br>Sullivan, Weinstein & McQuay<br>Two Park Plaza<br>Boston, MA 02116-3902 | *Attorney for Catherine Simmons*:<br><br>George W. Gray, Jr., Esq.<br>Moschella, Gray & Associates, LLC<br>Boston North Technology Park<br>110 Haverhill Road, Suite 315<br>Amesbury, MA 01913 |
| *Attorney for Katherine Monahan*:<br><br>Steven P. Karol, Esq.<br>Karol & Karol<br>424 Adams St., Suite 202<br>Milton, MA 02186-4358 | |

                          **/s/ Gabriel M. Helmer**
                          Gabriel M. Helmer