UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAPITOL RECORDS, INC., et al. )<br>        Plaintiffs, )<br>)<br>v. )<br>)<br>NOOR ALAUJAN, )<br>        Defendant. )<br>) | Civ. Act. No. 03-CV-11661-NG<br>(LEAD DOCKET NUMBER) |
| ARISTA RECORDS LLC, et al. )<br>        Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN HUTTUNEN )<br>       Defendant. )<br>) | Civ. Act. No. 05-CV-30280-NG<br>(ORIGINAL DOCKET NUMBER) |

**PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs, Capitol Records, *et al*. ("Plaintiffs"), pursuant to Fed. R. Civ. P. 37, respectfully move this Court to compel Defendant John Huttunen ("Defendant") to provide full responses to Plaintiffs' Interrogatories. In support thereof, Plaintiffs state as follows:

**INTRODUCTION**

Plaintiffs bring this Motion to Compel due to Defendant's blatant refusal to cooperate with discovery in this matter without an order from the Court and his refusal to provide complete discovery responses. Plaintiffs have repeatedly asked Mr. Huttunen to supplement his inadequate interrogatory responses. Mr. Huttunen has refused, pending an order from the Court. In an effort to avoid filing this motion, Plaintiffs asked for a conference so that the Court could explain to Mr. Huttunen his responsibilities with respect to this lawsuit. Mr. Huttunen refused to

#1203930 v1

show up because he was not provided with two weeks notice of the conference. This Court then asked counsel for Defendant's alma mater, Ms. Lisa Kent, to work with Defendant to obtain counsel. Defendant refused that help, pending this Court's ruling on his motion to dismiss. After the Court granted Plaintiffs' motion to extend the discovery deadline, Plaintiffs again attempted to obtain full responses to Plaintiffs' interrogatories and schedule Defendant's deposition. Defendant again refused to provide supplemental responses and refused to attend his deposition. Finally, after the Court denied Defendant's Motion to Dismiss, Plaintiffs' counsel again attempted to contact Defendant regarding depositions dates, complete interrogatory responses, a further discovery extension, and whether he intended to retain counsel. Defendant responded by e-mail, stating "I refuse to cooperate with you people in any fashion until I am granted a hearing before Judge Gertner to tell her my side of the story. I am tired of being harassed by you hacks." See E-mail from John Huttunen to Eve Burton, January 10, 2007, attached hereto as Exhibit G.

In light of Defendant's repeated refusal to cooperate, Plaintiffs request an order compelling Defendant to fully answer Plaintiffs' written interrogatories. Furthermore, pursuant to Rule 37 of the Rules of Federal Procedure, Plaintiffs request that Defendant be ordered to pay Plaintiffs reasonable attorneys' fees associated with making this motion. Fed. R. Civ. P. 37(a)(4)(A).

## FACTUAL BACKGROUND[1]

Plaintiffs filed the instant action on December 15, 2005, seeking a permanent injunction and damages for the illegal copying and distribution of Plaintiffs' copyrighted sound recordings

---

[1] Much of this factual background is contained in Plaintiff's Motion Requesting a Status Conference [Docket 333]. Plaintiffs have included this discussion and the attached exhibits for the convenience of the Court.

over the Internet.  On or about February 6, 2006, Defendant answered the Complaint.  Plaintiffs served written discovery on Defendant on or about May 15, 2006.  A true and correct copy of Plaintiffs' Discovery Requests are attached as <u>Exhibit A</u>.  Defendant responded to Plaintiffs' Requests for Admissions and Requests for Production of documents on June 24, 2006, but did not provide interrogatory responses until (following several requests by Plaintiffs) on or about September 4, 2006.[2]  A true and correct copy of Defendant's interrogatory responses are attached as <u>Exhibit B</u>.  Those responses are inadequate.

On September 11, 2006, Plaintiffs wrote Defendant a letter explaining the deficiencies in his interrogatory responses and asking him for supplemental responses.  A true and correct copy of Plaintiffs' letter to Defendant is attached as <u>Exhibit C</u>.  Defendant responded via e-mail, refusing to provide supplemental responses until ordered to do so by this Court.  True and correct copies of two e-mail messages from Defendant to Plaintiffs' counsel demonstrating his refusal are attached as <u>Exhibit D</u> and <u>Exhibit E</u>, respectively.  Plaintiffs sent Defendant another letter on January 2, 2007, requesting cooperation and advising Defendant of their intention to file this motion.  A true and correct copy of Plaintiffs letter is attached as <u>See Exhibit F</u>.  Defendant responded, via e-mail, stating "I refuse to cooperate with you people in any fashion until I am granted a hearing before Judge Gertner to tell her my side of the story.  I am tired of being harassed by you hacks."  A true and correct copy of Defendant's e-mail response of January 10, 2007 is attached as <u>Exhibit G.</u>

---

[2] Defendant also filed a Motion to Dismiss on September 5, 2006.  That Motion was denied on December 28, 2006.

# DISCUSSION

A. *Pursuant To Fed. R. Civ. P. 33 And 37, Defendant Must Fully Respond to Plaintiffs' Interrogatories.*

Fed. R. Civ. P. 33 requires a party to fully respond to an opposing party's interrogatories. Fed. R. Civ. P. 33(a)–(b). Pursuant to Fed. R. Civ. P. 37, incomplete responses to written interrogatories are treated as a failure to respond. Fed. R. Civ. P. 37(a)(3). If a party fails to answer an interrogatory submitted under Rule 33, the discovering party may move the Court to issue an order compelling response to the written interrogatories. Fed. R. Civ. P. 37(a)(2). Plaintiffs respectfully request that the Court order Defendant to fully answer Plaintiffs' interrogatory numbers 5, 6 & 7.

B. *Defendant's Responses to Interrogatory numbers 5 -7 are inadequate.*

1. **Plaintiffs' Interrogatory No. 5**

IDENTIFY the owner of the COMPUTER. Exhibit A.

In response to Interrogatory No. 5, Defendant stated:

> I object to this Interrogatory on the grounds that it is ambiguous. Which COMPUTER is being referred to? I have stated that I did own several COMPUTERS while in college, but there were other computers in my room from time to time that were not owned by me and that I have no way of tracking. Exhibit B.

Plaintiffs instructions defined COMPUTER as "all computers and computer components located within YOUR place of residence or otherwise within YOUR possession, custody, or control that had access to the Internet at any time during the preceding three years through YOUR account with University Of Massachusetts." See Exhibit A. Defendant previously identified "at least two Compaqs, one Dell and one eMachine" located in his residence while in college. See Exhibit B, Response to Interrogatory No. 3. However, he objected to Interrogatory No. 5 on the grounds that the term "COMPUTER" is ambiguous. The term COMPUTER, as defined, is not ambiguous, particularly in light of Defendant's previous identification of the

4

computers in the residence, and the definition provided.  Moreover, Defendant provided the same definition of COMPUTER in his discovery requests served on Plaintiffs on June 15, 2006, demonstrating his understanding of the term.  Defendant's discovery requests to Plaintiffs are attached as Exhibit H.  Plaintiffs therefore request this Court require Defendant to identify the owner of each COMPUTER, as that term is defined in Plaintiffs' discovery.

2. **Plaintiffs' Interrogatory No. 6**:

> IDENTIFY all PERSONS who resided with YOU during the three years prior to the date the Complaint in this action was filed. Exhibit A

In response to Interrogatory No. 6, Defendant stated:

> I object to this Interrogatory on the grounds that it is ambiguous. What does resided mean here; permanent roommates, friends over for the weekend, friends over for the night, one-night stands, strippers?  Also, resided whereabouts; my house, my dorm room, in class in bed?  Exhibit B.

In response to Defendant's objections, Plaintiffs wrote Defendant a letter, asking that he:

> [A]nswer the question using the term 'reside' as it is commonly understood.  According to the American Heritage Dictionary, reside means 'To live in a place for an extended or permanent period of time.'  Therefore, please identify as we define the term in the interrogatories) any roommates or other individuals who lived in your rooms for an extended period of time (for example a girlfriend or boyfriend) during the three years prior to filing the complaint. Exhibit C.

Defendant refused to answer and, in fact, in an e-mail to Plaintiffs' attorneys, stated "I am NOT WILLING to provide supplemental answers to my interrogatory responses . . . .  I am NOT willing to identify my roommate . . . ."  Exhibit D.  Plaintiffs request is not ambiguous, and seeks information relevant to Plaintiffs' claims and Defendant's defenses.  Indeed, people who resided with Defendant are likely to have information directly relevant to his contention that he is not responsible for using an online media distribution system to infringe Plaintiffs' copyrights.  Defendant should be compelled to respond to this interrogatory.

5

### 3. Plaintiffs' Interrogatory No. 7

> IDENTIFY all PERSONS who utilized the COMPUTER during the three years prior to the date the Complaint in this action was filed. <u>Exhibit A</u>.

In response to Interrogatory No. 7, Defendant stated:

> I object to this Interrogatory on the grounds that it is unanswerable. I can say that I certainly used my COMPUTER during the three years prior to the date the Complaint in this action was filed, but I am unable to name the many hundreds of other persons who did or who may have used my COMPUTER over that period of time, either with or without my permission, or other computers that may have been brought into my room, with or without my permission. <u>Exhibit B</u>.

In response to Defendant's objection, Plaintiffs' counsel asked that Defendant:

> [I]dentify those individuals to the extent known by you. . . . It is not credible to say that hundreds of other people used your computers over the last three years and yet not be able to give the name, address or telephone number of any of them, including your ex-roommates. Thus, we ask you to make your best efforts to identify those who used your computer or computers over the three years prior to the date the complaint was filed. <u>Exhibit C</u>.

As with the other Interrogatories at issue, Defendant refused to provide additional information. <u>See Exhibit D</u>. Because Defendant is denying the copyright infringement at issue, it is critical that Plaintiffs be allowed to investigate this defense, including questioning those individuals that used Defendant's computer and may have knowledge regarding the use of Defendant's computer to infringe Plaintiffs' copyrights. Therefore, Plaintiffs ask that Defendant be required to identify those individuals that he knows used his computers during the three years prior to the date the complaint was filed.

### CONCLUSION

Plaintiffs' interrogatories are unambiguous and narrowly tailored to obtain information that is directly relevant to the parties' claims and defenses in this case. Defendant's objections are without merit, and Plaintiffs respectfully request an order compelling Defendant to provide

complete responses to Plaintiffs' interrogatories numbered 5, 6, and 7, and awarding Plaintiffs their reasonable attorneys' fees associated with this motion.

        Respectfully submitted,

        ARISTA RECORDS LLC, et al.

        By their attorneys,

        /s/ Nancy M. Cremins
        John R. Bauer (BBO #630742)
        Nancy M. Cremins (BBO# 658932)
        ROBINSON & COLE LLP
        One Boston Place
        Boston, MA  02108-4404
        (617) 557-5900

Dated:  January 22, 2007

**Local Rule 7.1(A)(2) Certificate**

I, Nancy M. Cremins, attorney for Plaintiffs in the above-captioned matter, hereby certify that on September 11, 2006 and January 2, 2007, Plaintiffs' counsel conferred with Defendant regarding the subject of the within motion and that we attempted in good faith to resolve or narrow the issues raised by the instant motion.

/s/ Nancy M. Cremins
Nancy M. Cremins

**CERTIFICATE OF SERVICE**

I, Nancy M. Cremins, hereby certify that on January 22, 2007, in addition to electronically filing the foregoing, I caused a copy of the foregoing to be mailed by first class mail to the Defendant.

Mr. John Huttunen
516 Bennington Street
East Boston, MA  02128

/s/ Nancy M. Cremins
Nancy M. Cremins