UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; and WARNER BROS. RECORDS INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN HUTTUNEN <br><br> Defendant. | CIVIL ACTION No. 3:05-cv-30280-KPN |

## FIRST SET OF INTERROGATORIES

TO:   Defendant
       John Huttunen
       213 Thoreau Hall
       Amherst, MA 01003-9236

Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiffs hereby request that Defendant John Huttunen ("Defendant") provide responses to these interrogatories within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

A.     "YOU" or "YOUR" shall mean and refer to defendant John Huttunen, or anyone acting under his direction.

B.     "COMPUTER" means all computers and computer components located within YOUR place of residence or otherwise within YOUR possession, custody, or control that had access to the Internet at any time during the preceding three years through YOUR account with University Of Massachusetts.

1

C.     "SOUND RECORDINGS" means works that result from the fixation of a series of musical, spoken, or other sounds including, but not limited to, recordings of music.

D.     "PLAINTIFFS' RECORDINGS" means the SOUND RECORDINGS listed in Exhibit A attached to the Complaint in this action.

E.     "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, eDonkey, and Gnutella that enables users to copy SOUND RECORDINGS from, and/or distribute SOUND RECORDINGS to, other users of the system.

F.     "PERSON(S)" means any natural person and any business, legal, or governmental entity or association.

G.     "IDENTIFY" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, their age, their relationship to YOU and their present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

H.     "STATE THE BASIS" means to:

1.     IDENTIFY each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of YOUR information regarding the alleged facts or legal conclusions referred to by the interrogatory;

2.     IDENTIFY each and every communication which forms any part of the source of YOUR information regarding the alleged facts or legal conclusions referred to by the interrogatory;

3.     State separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the person involved) which form any part of YOUR information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

4.     State separately any other fact which forms the basis of YOUR information regarding the alleged facts or legal conclusions referred to in the interrogatory.

I.     "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on the hard drive of YOUR COMPUTER in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM, including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

J.     These interrogatories call for all information (including any information contained in or on any document, electronic, or hard-copy) that is known or available to YOU, including all

information in the possession of or available to YOUR attorneys, agents, representatives, investigators or any other person acting on behalf of YOU or under YOUR direction or control.

K.     If YOU cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please answer each such interrogatory to the fullest extent possible, state the facts upon which YOU rely to support YOUR contention that YOU are unable to answer the interrogatory fully and completely, and state what knowledge, information, and belief that YOU have concerning the unanswered portion of each such interrogatory.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State YOUR date of birth.

### RESPONSE:

### INTERROGATORY NO. 2:

If YOU are under the age of eighteen (18) years, IDENTIFY YOUR parents or legal guardian.

### RESPONSE:

### INTERROGATORY NO. 3:

For each COMPUTER located at YOUR residence that was connected to an Internet account, IDENTIFY the COMPUTER by brand name; model number; serial number; year; and MAC address(s) for all computers and for all modems connected to the COMPUTER, including but not limited to DSL modems, cable modems, and/or dial-up modems.

### RESPONSE:

### INTERROGATORY NO. 4:

IDENTIFY computer networking hardware used in the last three years on the COMPUTER including, but not limited to routers, hubs, and Ethernet cards.

### RESPONSE:

**INTERROGATORY NO. 5:**

IDENTIFY the owner of the COMPUTER.

**RESPONSE:**


**INTERROGATORY NO. 6:**

IDENTIFY all PERSONS who resided with YOU during the three years prior to the date the Complaint in this action was filed.

**RESPONSE:**


**INTERROGATORY NO. 7:**

IDENTIFY all PERSONS who utilized the COMPUTER during the three years prior to the date the Complaint in this action was filed.

**RESPONSE:**


**INTERROGATORY NO. 8:**

IDENTIFY all PERSONS who utilized the COMPUTER on November 5, 2004.

**RESPONSE:**


**INTERROGATORY NO. 9:**

IDENTIFY all PERSONS who downloaded an ONLINE MEDIA DISTRIBUTION SYSTEM on the COMPUTER during the three years prior to the date the Complaint in this action was filed.

**RESPONSE:**

**INTERROGATORY NO. 10:**

IDENTIFY all PERSONS who utilized an ONLINE MEDIA DISTRIBUTION SYSTEM on the COMPUTER during the three years prior to the date the Complaint in this action was filed, including but not limited to any PERSON who downloaded music to the COMPUTER.

**RESPONSE:**

**INTERROGATORY NO. 11:**

IDENTIFY all PERSONS who utilized an ONLINE MEDIA DISTRIBUTION SYSTEM on THE COMPUTER on November 5, 2004.

**RESPONSE:**

**INTERROGATORY NO. 12:**

IDENTIFY, by title of recording and recording artist, all SOUND RECORDINGS that YOU have copied or downloaded onto THE COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM during the three years before the Complaint in this action was filed.

**RESPONSE:**

**INTERROGATORY NO. 13:**

IDENTIFY, by title of recording and recording artist, all SOUND RECORDINGS that YOU have MADE AVAILABLE from THE COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM during the three years before the Complaint in this action was filed.

**RESPONSE:**

**INTERROGATORY NO. 14:**

For each of the SOUND RECORDINGS identified in YOUR response to Interrogatory Nos. 12 or 13, IDENTIFY the ONLINE MEDIA DISTRIBUTION SYSTEM used and the dates YOU used them.

**RESPONSE:**

**INTERROGATORY NO. 15:**

State all user or screen names YOU ever have used in connection with each ONLINE MEDIA DISTRIBUTION SYSTEM YOU utilized.

**RESPONSE:**

**INTERROGATORY NO. 16:**

IDENTIFY all PERSONS who have used the user screen name "defaultuser@KaZaA" while connected to an ONLINE MEDIA DISTRIBUTION SYSTEM using the COMPUTER.

**RESPONSE:**

**INTERROGATORY NO. 17:**

If YOU have recorded or burned onto CDs any SOUND RECORDINGS that YOU have downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM, IDENTIFY, by title of recording and recording artist, each such sound recording, grouping the SOUND RECORDINGS by the CD onto which they were burned.

**RESPONSE:**

**INTERROGATORY NO. 18:**

Describe (by type of file, and, if applicable, title of song, artist, and where YOU got the file from) what is contained in each file identified in Exhibit B to the Complaint.

**RESPONSE:**

**INTERROGATORY NO. 19:**

List which files identified in Exhibit B to the Complaint were downloaded through an ONLINE MEDIA DISTRIBUTION SYSTEM.

**RESPONSE:**

**INTERROGATORY NO. 20:**

IDENTIFY who downloaded each file identified in Exhibit B to the Complaint.

**RESPONSE:**

**INTERROGATORY NO. 21:**

IDENTIFY, by title of recording and recording artist, all of the SOUND RECORDINGS contained in the files identified in Exhibit B to the Complaint which YOU deleted from the COMPUTER after YOU received the Complaint in this action.

**RESPONSE:**

**INTERROGATORY NO. 22:**

IDENTIFY, by title of recording and recording artist, all of the SOUND RECORDINGS that YOU downloaded to the COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM after YOU received the Complaint in this action.

**RESPONSE:**

**INTERROGATORY NO. 23:**

STATE THE BASIS for any Affirmative Defenses alleged in YOUR Answer to Plaintiffs' Complaint.

**RESPONSE:**

ARISTA RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; VIRGIN RECORDS AMERICA, INC.; ATLANTIC RECORDING CORPORATION; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; and WARNER BROS. RECORDS INC.

By their attorneys,

Dated: _____     By: _____
                                 John R. Bauer, BBO# 630742
                                 Nancy M. Cremins, BBO # 658932
                                 ROBINSON & COLE LLP
                                 One Boston Place
                                 Boston, MA  02108-4404
                                 Main Phone:  (617) 557-5900
                                 Main Fax:  (617) 557-5999

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ____day of _____, 2006, a copy of the foregoing **FIRST SET OF INTERROGATORIES** was served upon the Defendant via United States Mail as follows:

John Huttunen
213 Thoreau Hall
Amherst, MA 01003-9236
Defendant

John R. Bauer, BBO# 630742
Nancy M. Cremins, BBO # 658932
ROBINSON & COLE LLP
One Boston Place
Boston, MA  02108-4404
Main Phone:  (617) 557-5900
Main Fax:  (617) 557-5999

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; and WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>          Plaintiffs,<br><br>v.<br><br>JOHN HUTTUNEN<br><br>          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>CIVIL ACTION No. 3:05-cv-30280-KPN |

## FIRST SET OF REQUEST FOR ADMISSIONS

TO:    Defendant
       John Huttunen
       213 Thoreau Hall
       Amherst, MA 01003-9236
       Defendant

Plaintiffs request that Defendant admit the truth of the following matters pursuant to Federal Rule of Civil Procedure 36. Under the provisions of Rule 36, you are required to respond to these Requests for Admission, in writing, within thirty (30) days of service of these Requests. Your response must be signed as required by Federal Rule of Civil Procedure 26(g)(2). If you fail to fully respond to these Requests for Admission within the time allowed the matters set forth in these Requests may be deemed admitted and conclusively established against you for purposes of this action.

## DEFINITIONS AND INSTRUCTIONS

A.    "YOU" or "YOUR" shall mean and refer to defendant John Huttunen, or anyone acting under his direction.

B.     "PERSON(S)" means and includes any natural person or any business, legal or governmental entity or association.

C.     "SOUND RECORDINGS" means works that result from the fixation of a series of musical, spoken, or other sounds including, but not limited to, recordings of music.

D.     "PLAINTIFFS' EXHIBIT A RECORDINGS" means the SOUND RECORDINGS listed on Exhibit A to the Complaint.

E.     "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, KaZaA, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, e-Donkey, and Gnutella, that enables users to copy SOUND RECORDINGS from, and/or distribute SOUND RECORDINGS to, other users of the system.

F.     "SERVICE PROVIDER" means University Of Massachusetts.

G.     "COMPUTER" means all computers and computer components located within YOUR place of residence or otherwise within YOUR possession, custody, or control that had access to the Internet at any time during the preceding three years through YOUR account with SERVICE PROVIDER.

H.     "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on the COMPUTER hard drive in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that YOU subscribed to the Internet service provided by SERVICE PROVIDER, that connected the COMPUTER to the Internet as of November 5, 2004.

### RESPONSE:


### REQUEST FOR ADMISSION NO. 2:

Admit that YOU owned the COMPUTER as of November 5, 2004.

### RESPONSE:

2

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU had the right and ability to supervise or control the use of the COMPUTER as of November 5, 2004.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU knew that the COMPUTER had been used to download or MAKE AVAILABLE copyrighted SOUND RECORDINGS on or before November 5, 2004.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU downloaded an ONLINE MEDIA DISTRIBUTION SYSTEM to the COMPUTER.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

Admit that an ONLINE MEDIA DISTRIBUTION SYSTEM was downloaded to the COMPUTER.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU knew an ONLINE MEDIA DISTRIBUTION SYSTEM was downloaded to the COMPUTER.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit that YOU have used the user screen name "Defaultuser@Kazaa" while connected to an ONLINE MEDIA DISTRIBUTION SYSTEM.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit that Exhibit B to the Complaint is a true and correct copy of YOUR share folder as it currently exists, or as it existed at any point in the past three years during the preceding three years before the Complaint in this action was filed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit that Exhibit B to the Complaint accurately lists material YOU have MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM within the past three years.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit that each of the file names listed on Exhibit B to the Complaint accurately depicts the artist and title of the SOUND RECORDINGS actually contained within those files as they reside or resided on the COMPUTER.

**RESPONSE:**

4

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU downloaded each of PLAINTIFFS' EXHIBIT A RECORDINGS onto the COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12:**

Admit that when YOU downloaded each of PLAINTIFFS' EXHIBIT A RECORDINGS onto THE COMPUTER, YOU knew that downloading such SOUND RECORDINGS was illegal.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 13:**

Admit that each Plaintiff listed as owning a copyright in one or more of PLAINTIFFS' EXHIBIT A RECORDINGS on Exhibit A attached to the Complaint in this action, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have no evidence to dispute that each Plaintiff listed as owning a copyright in one or more of PLAINTIFFS' EXHIBIT A RECORDINGS on Exhibit A attached to the Complaint in this action, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Admit that each of PLAINTIFFS' EXHIBIT A RECORDINGS was duly registered with the United States Copyright Office prior to the first date on which YOU downloaded or MADE AVAILABLE each such SOUND RECORDING.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU have no evidence to dispute that each of PLAINTIFFS' EXHIBIT A RECORDINGS were duly registered with the United States Copyright Office prior to the first date on which you downloaded or MADE AVAILABLE each such SOUND RECORDING.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit that all of PLAINTIFFS' EXHIBIT A RECORDINGS bore United States copyright notices over the last three years prior to the filing of the Complaint in this case.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU had access to copies of PLAINTIFFS' EXHIBIT A RECORDINGS, which bore United States copyright notices over the last three years prior to the filing of the Complaint in this case.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit that each copyright registration for each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is valid.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU have no evidence to dispute that each copyright registration for each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is valid.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**

Admit that none of Plaintiffs have ever authorized YOU to copy or download any of PLAINTIFFS' EXHIBIT A RECORDINGS onto a computer hard drive.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**

Admit that when YOU downloaded each of PLAINTIFFS' EXHIBIT A RECORDINGS onto THE COMPUTER, YOU willfully infringed the copyright in each sound recording.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**

Admit that on or before the date of the filing of the Complaint in this action YOU MADE AVAILABLE PLAINTIFFS' EXHIBIT A RECORDINGS via an ONLINE MEDIA DISTRIBUTION SYSTEM.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 24:**

Admit that none of Plaintiffs ever has authorized YOU to MAKE AVAILABLE PLAINTIFFS' EXHIBIT A RECORDINGS to be downloaded or copied onto the computer hard drive of any other PERSON.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 25:**

Admit that after YOU received the Complaint in this action, YOU deleted some or all of PLAINTIFFS' EXHIBIT A RECORDINGS from the COMPUTER.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 26:**

Admit that after YOU received the Complaint in this action, you continued to download SOUND RECORDINGS to the COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 27:**

Admit that after YOU received the Complaint in this action, YOU continued to MAKE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM all of PLAINTIFFS' EXHIBIT A RECORDINGS.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**

Admit that each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is identical to each corresponding SOUND RECORDING registered with the United States Copyright Office.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**

Admit that YOU have no evidence to dispute that each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is identical to corresponding sound recording registered with the United States Copyright Office.

**RESPONSE:**

ARISTA RECORDS LLC; SONY BMG
MUSIC ENTERTAINMENT; VIRGIN
RECORDS AMERICA, INC.; ATLANTIC
RECORDING CORPORATION; UMG
RECORDINGS, INC.; INTERSCOPE
RECORDS; and WARNER BROS. RECORDS
INC.

By their attorneys,

Dated: _____      By: _____
                                  John R. Bauer, BBO# 630742
                                  Nancy M. Cremins, BBO # 658932
                                  ROBINSON & COLE LLP
                                  One Boston Place
                                  Boston, MA  02108-4404
                                  Main Phone:  (617) 557-5900
                                  Main Fax:  (617) 557-5999

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _____ day of _____, 2006, a copy of the foregoing **FIRST SET OF REQUESTS FOR ADMISSIONS** was served upon the Defendant via United States Mail as follows:

John Huttunen
213 Thoreau Hall
Amherst, MA 01003-9236
Defendant

John R. Bauer, BBO# 630742
Nancy M. Cremins, BBO # 658932
ROBINSON & COLE LLP
One Boston Place
Boston, MA  02108-4404
Main Phone:  (617) 557-5900
Main Fax:  (617) 557-5999

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; and WARNER BROS. RECORDS INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>JOHN HUTTUNEN<br><br>　　　　　　　　Defendant. | CIVIL ACTION No. 3:05-cv-30280-KPN |

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:　　Defendant
　　　　John Huttunen
　　　　213 Thoreau Hall
　　　　Amherst, MA 01003-9236
　　　　Defendant

Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiffs hereby request that Defendant John Huttunen ("Defendant") provide responses and documents to this request for production within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

A.　　"YOU" or "YOUR" shall mean and refer to defendant John Huttunen, or anyone acting under his direction.

B.　　"THE COMPUTER" means all computers and computer components located within YOUR place of residence or otherwise within YOUR possession, custody, or control that had access to the Internet at any time during the preceding three years through YOUR account with University Of Massachusetts.

1

C.     "PERSON(S)" means and includes any natural person or any business, legal, or governmental entity or association.

D.     "SOUND RECORDINGS" means works that result from the fixation of a series of musical, spoken, or other sounds including, but not limited to, recordings of music.

E.     "PLAINTIFFS' RECORDINGS" means the SOUND RECORDINGS listed on Exhibit A attached to the Complaint in this action.

F.     The term "DOCUMENTS" has the same meaning and scope as that term has in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

G.     "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, e-Donkey, and Gnutella that enables users to copy SOUND RECORDINGS from, and/or distribute SOUND RECORDINGS to, other users of the system.

H.     "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on THE COMPUTER hard drive in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

I.     "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

J.     You must produce documents as they are usually kept, or organize and label the documents YOU produce to correspond with the categories enumerated below. See Fed. R. Civ. P. 34(b).

K.     If any responsive document has been withheld because of a claim of privilege or work-product, YOU are required to produce a log stating the following information for each such document:

     1.     The date appearing on the document, or, if no date appears, the date upon which it was prepared;

     2.     Any identifying numbers or symbols;

     3.     The identity of each person who participated in the creation of the document;

     4.     The general subject matter of the document;

     5.     The number of pages of the document;

6.   The identity of each person to whom the document is addressed, if any, and the identity of each person to whom the original or a copy of the document was sent;

7.   The identity of each person who presently has possession, custody, or control of the document or any copy thereof;

8.   The location of any file or files where the document or any draft or copy thereof normally or presently is kept;

9.   The general nature or description of the document (e.g., letter, memorandum, handwritten notes, minutes, etc.);

10.  The reason or reasons for the objection with sufficient particularity to allow the Court to adjudicate the merits of such objection, and the identity of the persons who have knowledge of the factual bases, if any, on which the privilege or other objection is asserted.

L.   If any responsive document has been discarded, destroyed, or deleted YOU are required to produce a log stating, for each such document, the following information:

1.   The date appearing on the document, or, if no date appears, the date upon which it was prepared;

2.   Any identifying numbers or symbols;

3.   The identity of each person who participated in the creation of the document;

4.   The general subject matter of the document;

5.   The number of pages of the document;

6.   The identity of each person to whom the document was addressed, if any, and the identity of each person to whom the original or a copy of the document was sent;

7.   The identity of each person whoever had possession, custody, or control of the document or any copy thereof;

8.   The location of any file or files where the document or any draft or copy thereof normally was kept;

9.   The general nature or description of the document (e.g., letter, memorandum, handwritten notes, minutes, etc.);

10.  The circumstances surrounding the loss or destruction of the document.

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS CONCERNING any registration by YOU as a user of any ONLINE MEDIA DISTRIBUTION SYSTEM.

### REQUEST FOR PRODUCTION NO. 2:

All SOUND RECORDINGS that are stored on the hard drive of the COMPUTER that YOU copied or downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM within three years before the Complaint in this action was filed.

### REQUEST FOR PRODUCTION NO. 3:

All SOUND RECORDINGS stored on the hard drive of THE COMPUTER that YOU ever MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM within three years before the Complaint in this action was filed.

### REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS CONCERNING any SOUND RECORDINGS that YOU have MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM from the COMPUTER within three years before the Complaint in this action was filed.

### REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS CONCERNING any SOUND RECORDING that YOU copied or downloaded from other users of an ONLINE MEDIA DISTRIBUTION SYSTEM within three years before the Complaint in this action was filed.

### REQUEST FOR PRODUCTION NO. 6:

A complete printout of YOUR screen shots depicting any publicly accessible folder on the COMPUTER, listing all SOUND RECORDINGS currently stored in those folders.

### REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS CONCERNING any notices received by YOU from any Internet Service Provider CONCERNING copyrighted materials.

### REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS CONCERNING communications or correspondence between YOU and any ONLINE MEDIA DISTRIBUTION SYSTEM, including, without limitation, e-mail messages, messages posted on on-line bulletin boards or in chat rooms, and real-time internet messaging messages.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS CONCERNING communications between YOU and anyone else CONCERNING any ONLINE MEDIA DISTRIBUTION SYSTEM or the "sharing," "trading," or downloading of digital music files, including, without limitation, e-mail messages, messages posted at on-line bulletin boards or in chat rooms, and real-time internet messaging messages.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS CONCERNING this lawsuit or any allegations contained therein.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS supporting any Affirmative Defense alleged in YOUR Answer.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS CONCERNING all CDs that YOU have recorded or burned from any sound recording that YOU downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM, including without limitation the CDs themselves and all lists of the SOUND RECORDINGS that are included on the CDs.

**REQUEST FOR PRODUCTION NO. 13:**

An electronic copy of each of the files identified in Exhibit B to the Complaint.

**REQUEST FOR PRODUCTION NO. 14:**

An electronic copy of each file currently contained in any share folder accessible through any ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR PRODUCTION NO. 15:**

An electronic copy of the entire share folder utilized or created in connection with any ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR PRODUCTION NO. 16:**

An electronic copy of the registry files (preferences files if Macintosh) or System Information report (System Profiler report if Macintosh). For purposes of this request, please do the following depending on the operating system(s) of YOUR computer(s):

A.   For computers running Windows 95, 98, 98SE or ME, copy the files "system.dat" and "user.dat" located in the c:\windows directory and provide a copy of each file.

B.   For computers running Windows XP, 2000, 2003 or NT4 please do the following to create a system information report file:

    a)     Click on "Start" → select "Programs" (or "All Programs") → "Accessories" → "System Tools" → "System Information"

    b)     In the System Information window, select "Action" → "Save As System Information File..."

    c)     In the "Save As" window, select a location to save the file and name it "SystemInfo.nfo"

    d)     Provide a copy of the resulting "SystemInfo.nfo" file.

C.     For Macintosh computers, create a System Profiler report.

    a)     From the Apple Menu, select "Apple System Profiler" ("System Profiler") [alternatively, select "System Profiler" in the "Applications/Utilities" folder or from the Apple Menu click "About this Mac" and click "More Info"]

    b)     With the System Profiler open, select "File" → "Save."

    c)     If prompted for a name, name the file "SystemInformation"

    d)     Provide a copy of the resulting file.

## REQUEST FOR PRODUCTION NO. 17:

A copy of the "screenshot" of THE COMPUTER's Windows Desktop.  For purposes of the request, please follow these instructions:

A.     Start up THE COMPUTER and before running any program press the "Print Screen" button on YOUR keyboard.

B.     Click the "Start" button and select "Paint" from the "Accessories" menu.

C.     Select "Paste" under the "Edit" menu in "Paint".

D.     Under the "File" menu select "Save" and save the file as "desktop_screenshot.bmp".

E.     Close the "Paint" program.

F.     Click the "Start" button and press the "Print Screen" button while the "Start Menu" is open.

G.     Click the "Start" button and select "Paint" from the "Accessories" menu.

H.     Select "Paste" under the "Edit" menu in "Paint".

I.    Under the "File" menu select "Save" and save the file as "start_menu_screenshot.bmp".

J.    Close the "Paint" program.

K.    Click the "Start" button and select "All Programs" then press the "Print Screen" button while the "All Programs Menu" is open.

L.    Click the "Start" button and select "Paint" from the "Accessories" menu.

M.    Select "Paste" under the "Edit" menu in "Paint".

N.    Include the files "desktop_screenshot.bmp", "start_menu_screenshot.bmp" and "all_programs_menu_screenshot.bmp" in the backup returned to us.

ARISTA RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; VIRGIN RECORDS AMERICA, INC.; ATLANTIC RECORDING CORPORATION; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; and WARNER BROS. RECORDS INC.

By their attorneys,

Dated: _____          By: _____

John R. Bauer, BBO# 630742
Nancy M. Cremins, BBO # 658932
ROBINSON & COLE LLP
One Boston Place
Boston, MA  02108-4404
Main Phone:  (617) 557-5900
Main Fax:  (617) 557-5999

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this ____day of _____, 2006, a copy of the foregoing **FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** was served upon the Defendant via United States Mail as follows:

John Huttunen
213 Thoreau Hall
Amherst, MA 01003-9236
Defendant

_____
John R. Bauer, BBO# 630742
Nancy M. Cremins, BBO # 658932
ROBINSON & COLE LLP
One Boston Place
Boston, MA  02108-4404
Main Phone:  (617) 557-5900
Main Fax:  (617) 557-5999