UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAPITOL RECORDS, INC., et al.<br>    Plaintiffs,<br>v.<br>NOOR ALAUJAN,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. Act. No. 03-CV-11661-NG<br>(LEAD DOCKET NUMBER) |
| ARISTA RECORDS LLC, et al.<br>    Plaintiffs,<br>v.<br>JOHN HUTTUNEN,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. Act. No. 05-CV-30280-NG<br>(ORIGINAL DOCKET NUMBER) |

**PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs respectfully submit this motion for sanctions for Defendant's failure to appear at his deposition, without notice. Plaintiffs seek the following: (1) an award of costs and fees under Rule 37(d) associated with this motion and with Defendant's failure to appear as his deposition; (2) an Order requiring Defendant to appear for his deposition within 15 days of the Court's ruling on this motion and warning Defendant that any failure to appear will result in default judgment being entered against him; and (3) an Order advising Defendant to obtain legal counsel and warning that any further failure to cooperate in good faith with Plaintiffs to complete discovery may result in default judgment being entered against him.

1

#1220742 v3

## I. INTRODUCTION

As explained in Plaintiffs' Motion to Compel, filed January 22, 2007, Defendant has repeatedly refused to cooperate with Plaintiffs in discovery. He has resorted to calling Plaintiffs' counsel names; he failed to appear at a status conference; he has refused an offer of assistance to obtain counsel; he has refused to provide deposition dates or appear at a deposition; and he has refused to supplement inadequate interrogatory responses. Now, Defendant has also failed to show up for a properly noticed deposition. He did not inform Plaintiffs' counsel that he did not intend to appear and, when Plaintiffs' counsel called him the morning of the deposition, he hung up the telephone.

## II. BACKGROUND

The background leading to Plaintiffs' Motion to Compel is described in detail in that motion. This motion will not repeat that history, in detail, but will provide relevant background, as well as the details concerning Defendant's failure to appear at his recent deposition.

   *A. Defendant has repeatedly refused to cooperate and refused the assistance of counsel.*

Defendant has stated in numerous correspondence, attached to Plaintiffs' January 22, 2007, Motion to Compel, that he will not do anything further in this case unless ordered to do so by the Court. Therefore, at Plaintiffs' request, on October 12, 2006, the Court held a status conference. Defendant failed to appear. The Court then requested that University of Massachusetts attorney Lisa Kent assist Mr. Huttunen in obtaining counsel. Mr. Huttunen refused counsel, stating that he would like to represent himself but, if his motion to dismiss was denied, he would contact Ms. Kent for assistance in obtaining an attorney. *See* October 23, 2006, letter to Court from Lisa Kent, Docket # 350.

Defendant's Motion to Dismiss was denied on January 8, 2007.  Plaintiffs' counsel then requested Ms. Kent contact Defendant regarding obtaining counsel.  Additionally, Plaintiffs' counsel contacted Defendant by letter, e-mail, and telephone and inquired as to whether Defendant would obtain counsel.  Defendant did not obtain counsel and has refused to cooperate, or communicate, with Plaintiffs' counsel.  The details of Defendant's refusal to cooperate are set out in more detail in Plaintiffs' pending Motion to Compel.

    B. *Defendant failed to appear, without notice, for his properly noticed deposition.*

Plaintiffs attempted to schedule Defendant's deposition five times but were unable to obtain his cooperation.  Plaintiffs originally tried to schedule Defendant's deposition for August 31, 2006, but received no word back from Defendant on whether that date would work.  Exhibit A.  Plaintiffs then attempted to schedule his deposition for September 14, 2006 (Letter proposing deposition date attached hereto as Exhibit B), but Defendant refused, stating that he could not get time off from work.  A copy of Defendant's August 31, 2006 e-mail to Plaintiffs is attached as Exhibit C.  Plaintiffs then requested that Defendant provide Plaintiffs dates that he would be available for a deposition, stating that they would be willing to extend discovery to accommodate his schedule.  Again, he refused.  Plaintiffs then tried a third time, noticing Defendant's deposition for September 22, 2006.  Defendant responded by stating that he will not attend a deposition unless ordered by the Court.  Exhibit D.  Following this Court's extension of the discovery deadline, Plaintiffs attempted a fourth time to schedule Defendant's deposition, but received no response from the Defendant.  Exhibit E.

Finally, on January 12, 2007, with the discovery deadline near, Plaintiffs noticed Defendant's deposition for January 23, 2007.  Attached to the deposition notice was a cover

letter explaining to Defendant that if he did not intend to appear at his deposition, he should inform Plaintiffs' counsel. The letter stated:

> If you do not plan on appearing at your deposition, please let me know by January 18, 2007. If we do not hear from you, we will assume you will attend your deposition on January 23, 2007, and national counsel, Eve Burton, will fly out from Denver, Colorado to take that deposition.
>
> If you fail to notify us that you do not intend to appear for your deposition and fail to appear for you deposition on January 23, 2007, Plaintiffs will ask the Court to sanction you for failing to appear, without notice, by awarding Plaintiffs their costs and fees associated with the deposition.

A copy of Plaintiffs' letter and deposition notice are attached hereto as Exhibit F.

Defendant did not contact Plaintiffs' counsel and did not appear for his deposition. On January 23, 2007, the morning of the deposition, Plaintiffs' counsel appeared for the deposition at 9:00 a.m. as scheduled, waited for approximately 20 minutes, with the court reporter prepared to transcribe the deposition. Defendant did not show up. Counsel then called Defendant at his home, at the telephone number he had been reached at previously, to ask whether he intended to appear for his deposition. Defendant answered the phone but, when Plaintiffs' counsel identified herself, he promptly hung up. Declaration of Eve G. Burton, attached hereto as Exhibit G. Ms. Burton then immediately called Defendant back and left an extensive voicemail, which Plaintiffs' presume Defendant was standing by the phone listening to, stating that she would wait until 10:00 a.m. for him to appear for his deposition, and if he needed additional time to get to the deposition, he should call and inform Ms. Burton and she would wait longer. *Id.* Additionally, Ms. Burton reminded Defendant that if he failed to appear, she would ask the Court for her costs and fees associated with the deposition. Defendant did not contact Ms. Burton, and did not appear. *Id.* At approximately 10:15 a.m., Ms. Burton made a brief record of Defendant's failure to appear and her attempted communications with Defendant and ended the deposition. *See* Deposition transcript, attached hereto as Exhibit H.

### III.  ARGUMENT

Under Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs are granted the right to take the deposition of "any person, including a party, without the leave of the court." Fed. R. Civ. P. 30(a)(1). A party may move for sanctions under Rule 37(d) if a party fails to appear at his deposition after service of proper notice. Fed. R. Civ. P. 37(d). The failure to appear does not have to be in bad faith for sanctions to be appropriate. *Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995).

> Rule 37(d) provides that:
>
> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice. . . the court in which the action is pending on motion may make such orders in regard to the failure as are just. . . . In lieu of any order or in addition thereto, the court **shall** require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d) (emphasis added); *see also East Boston Ecumenical Community v. Mastrorillo*, 133 F.R.D. 2, 6 (D. Mass. 1990) (awarding costs and fees for a defendant's failure to appear at his deposition holding that "[a] party cannot unilaterally decide that he or she is not going to attend a duly-noticed deposition without at least applying for a protective order before the time set for the deposition"); *Guex v. Allmerica Fin. Life Ins. & Annuity Co.*, 146 F.3d 40, 43 (1st Cir. 1998) (dismissing case as a sanction for failing to appear at a deposition).

In this case, imposition of the harshest sanctions would not be unjust due to the history of Defendant's misconduct. Defendant has made it abundantly clear that, without a strong order from the Court, he will continue to make discovery impossible. Furthermore, Defendant was specifically informed in the cover letter accompanying the deposition notice that, if he did not notify Plaintiffs' counsel that he would not appear, Plaintiffs' counsel would fly to Boston from Denver, Colorado for the deposition. Defendant was further informed that if he failed to appear,

5

without notice, Plaintiffs would ask the Court to sanction Defendant by awarding Plaintiffs their costs and fees associated with the deposition.  Plaintiffs' counsel telephoned Defendant when he failed to appear and Defendant hung up the telephone on Plaintiffs' counsel.  Defendant could have avoided all of this with a simple response to any one of Plaintiffs' communications concerning his deposition, but chose not to.

No justification exists for Defendant's willful disregard of his obligation to appear for his deposition.  Sanctioning Defendant for failing to appear at his deposition is necessary to prevent Plaintiffs from being prejudiced by Defendant's willful refusal to cooperate.  Defendant is well aware of the significant, real costs he is forcing Plaintiffs to incur due to his behavior; those costs should not be borne by Plaintiffs.  The fact that Defendant is *pro se* should not excuse him from participating in this process fully and reasonably.  Furthermore, Plaintiffs should not be required to bear the costs of Defendant's indefensible behavior.  Without a strong Order from the Court making clear that Defendant will be defaulted if he continues to refuse to cooperate in discovery, including attending his deposition, it will be impossible to obtain his cooperation in discovery and his appearance at his deposition.  Accordingly, Plaintiffs request an Order (1) compelling Defendant to attend his deposition within 15 days and providing that his failure to do so will result in default judgment being entered against him and (2) awarding Plaintiffs their fees and costs incurred as a result of Defendant's deliberate failure to attend his properly noticed deposition.  Defendant has repeatedly refused to cooperate with Plaintiffs' counsel.  Defendant has called Plaintiffs' counsel names, he has hung on them, and he has refused to cooperate in any manner.

The compulsory language of Rule 37(d)—"the court **shall** require"— makes clear that the award of fees should be the rule, and not the exception.  The burden of showing Defendant's

6

failure to appear was "substantially justified" or other special circumstances making an award of expenses unjust, is on the party being sanctioned. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Here, Defendant cannot show any special circumstances making the award of fees unjust; nor can he show that he was "substantially justified" in failing to appear at his deposition, or in failing to notify Plaintiffs' counsel of his intention not to appear. Defendant's conduct and disdain for the rules of civil procedure should be sanctioned and Plaintiffs' should be awarded their costs and fees associated with the failed deposition and with bringing this Motion.

Since the inception of this lawsuit, Defendant has consistently demonstrated his contempt for Plaintiffs and their counsel and his disrespect for the Federal Rules of Procedure. He has blatantly disregarded his obligation to attend hearings and cooperate in discovery at every turn and, in doing so, has unnecessarily complicated and increased the costs of this proceeding. Defendant's behavior justifies the imposition of harsh sanctions, including default judgment. *See* Fed. R. Civ. P. 37(b)-(d). Therefore, in order to deter further similar misconduct by Defendant, Plaintiffs respectfully request entry of an Order strongly advising Defendant to obtain legal counsel and warning that any further failure to cooperate in good faith with Plaintiffs to complete discovery may result in default judgment being entered against him.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request (1) an award of costs and fees under Rule 37(d) associated with this motion and with Defendant's failure to appear as his deposition; (2) an Order requiring Defendant to appear for his deposition within 15 days of the Court's ruling on this motion and warning Defendant that any failure to appear will result in default judgment being entered against him; and (3) an Order advising Defendant to obtain legal

counsel and warning that any further failure to cooperate in good faith with Plaintiffs to complete discovery may result in default judgment being entered against him.

          Respectfully submitted,

          ARISTA RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; VIRGIN RECORDS AMERICA, INC.; ATLANTIC RECORDING CORPORATION; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; and WARNER BROS. RECORDS INC.

          By their attorneys,

Dated: February 14, 2007      By:  /s/ Eve Burton
          Richard L. Gabriel *admitted pro hac vice*
          Eve Burton *admitted pro hac vice*
          Holme Roberts & Owen LLP
          1700 Lincoln Street
          Suite 4100
          Denver, CO 80203-4541
          Tel: (303) 861-7000
          Fax: (303) 866-0200

          John R. Bauer, BBO# 630742
          Nancy M. Cremins, BBO # 658932
          ROBINSON & COLE LLP
          One Boston Place
          Boston, MA  02108-4404
          Main Phone:  (617) 557-5900
          Main Fax:  (617) 557-5999

## LOCAL RULE 37.1 CERTIFICATION

On February 13, 2007, Counsel for Plaintiffs Eve Burton contacted the Defendant by email regarding the subject of the within motion in an effort to narrow the areas of disagreement set forth in the instant motion. The Defendant responded by email dated February 13, 2007 and the parties were unable to narrow the areas of disagreement set forth in the above motion.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Nancy M. Cremins
　　　　　　　　　　　　　　　　　　　　　　　Nancy M. Cremins


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in addition to be electronically filed on February 14, 2007, a copy of the foregoing **PLAINTIFFS' MOTION FOR SANCTIONS** was served upon the defendant via United States mail, first-class postage prepaid, at the following address:

John Huttunen
516 East Bennington
East Boston, MA   02128
*Defendant*

　　　　　　　　　　　　　　　　　　　　　　　/s/ Nancy M. Cremins
　　　　　　　　　　　　　　　　　　　　　　　Nancy M. Cremins