UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPITOL RECORDS, INC. et al.,<br>                Plaintiffs,<br>v.<br>NOOR ALAUJAN,<br>                Defendant. | Civ. Act. No. 03-cv-11661-NG<br>(LEAD DOCKET NUMBER) |
| SONY BMG MUSIC ENTERTAINMENT<br>et al.,      Plaintiffs,<br>v.<br>JOEL TENENBAUM,<br>                Defendants. | Civ. Act. No 07-cv-11446-NG<br>(ORIGINAL DOCKET NUMBER) |

**[PROPOSED] PROTECTIVE ORDER GOVERNING PRODUCTION OF THE HARD DRIVE OF DEFENDANT'S GATEWAY COMPUTER**

In accordance with this Court's Order of May 6, 2009, the Court hereby Orders as follows:

1.  Within five (5) days of the date of this Order, Plaintiff shall designate a computer forensic expert (the "Mirroring Expert") of their choosing to produce two mirror images of the hard drive of Defendant's Gateway computer. At that same time, Plaintiffs shall also designate a second computer forensic expert (the "Examining Expert") of their choosing to examine the contents of one of those mirror images.

2. The Mirroring Expert and the Examining Expert, as well as any assistants assigned to assist them in connection with this matter, shall execute Confidentiality Agreements agreeing to abide by the terms of this Order in a form agreed to by the Parties to this case.

3. Within ten (10) days of the entry of this Order, the Defendant shall make his Gateway computer available to the Mirroring Expert at Defendant's counsel's office or at another location at a time mutually agreed upon by the Parties. The Mirroring Expert may not remove the Defendant's computer from the place of inspection. At that time, the Mirroring Expert shall make two mirror images of the Gateway computer's hard drive, one copy to be maintained at all times by the Mirroring Expert (the "Original Copy") and another copy to be provided to the Examining Expert ("the Inspection Copy").

4. At or before the time of the mirroring of the hard drive, the Defendant may submit to the Mirroring Expert and the Plaintiffs' counsel a privilege log (the "Privilege Log"), consistent with the Federal Rules of Civil Procedure, designating any files on the hard drive (including the full file path) as either attorney-client privileged or attorney work product. In the event that Defendant produces a Privilege Log in accordance with this Paragraph, the Mirroring Expert shall delete any items identified on that Privilege Log from the Inspection Copy. The Mirroring Expert shall not delete any files from the Original Copy. Nothing in this Paragraph shall be interpreted as preventing the Plaintiffs from seeking an Order compelling the disclosure of any items identified on the Privilege Log in accordance with Rule 26 and 37 of the Federal Rules of Civil Procedure.

5. Unless authorized by the Court, the Mirroring Expert shall not open or examine the contents of any of the files identified on the Privilege Log on either the Original Copy or the

Inspection Copy. The Mirroring Expert will maintain the Original Copy until sixty (60) days after the conclusion of all litigation in connection with this matter (including any appeals).

6. The Mirroring Expert shall provide only the Inspection Copy to the Examining Expert. The Examining Expert shall examine any recoverable data on the Inspection Copy, including any electronic information related to file-sharing software and/or any music-related files, including any music sound files, music video files, music playlist files or music label files, as well as any metadata associated with such files. The Examining Expert may also review any items indicating that the hard drive has been "wiped" or erased since the initiation of the litigation. The Examining Expert shall not examine any non-music-related files or data, including e-mails, word-processing documents, .pdf documents, spreadsheet documents, images files, video files, or stored web-pages that are unrelated to music files, music video files, playlist files or music label files.

7. Based upon the examination of the Inspection Copy, the Examining Expert shall produce a list (the "List") which describes the music-related files found on the hard drive and any file-sharing information associated with those files, as well as any other evidence and files relating to file-sharing activity. The List may also identify any evidence that the computer's hard drive has been "wiped" or erased since the initiation of this litigation.

8. The Examining Expert's List shall initially be produced only to the Defendant's counsel. Within five business days of his receipt of the Examining Expert's List, Defendant's counsel may submit to Plaintiff's counsel any objections to the List based upon privilege. If there is no privilege dispute between the parties relating to the List, or the parties otherwise reach an agreement allowing such disclosure, the List along with an electronic copy of all items set forth on the List shall be disclosed to the Plaintiffs and their counsel by the Examining Expert.

9. In the event that the parties cannot resolve any dispute relating to the disclosure of the List to the Plaintiffs, the Plaintiffs may file with the Court a Motion to Compel the Production of the Examining Expert's List as well as a copy of the Electronic Data reflected on the List. In connection with such a Motion to Compel, the Court may require the Defendant to submit the Examining Expert's List in camera.

SO ORDERED.                                     _____
                                                Hon. Nancy Gertner
                                                United Stated District Judge

Dated: May ___, 2009