# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **CAPITOL RECORDS, INC., et al.,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 03CV11661-NG** |
| | ) | **LEAD DOCKET NO.** |
| **NOOR ALAUJAN,** | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07CV11446-NG |
| | ) | ORIGINAL DOCKET NO. |
| JOEL TENENBAUM, | ) | |
| Defendant. | ) | |

GERTNER, D.J.:

## ORDER RE: DEFENDANT'S MOTION TO DISMISS
June 15, 2009

Defendant Joel Tenenbaum ("Tenenbaum") challenges the instant lawsuit on Due Process and Eighth Amendment grounds. Tenenbaum claims that the statutory damages available to private parties under the Copyright Act, 17 U.S.C. § 504(c), are so excessive that they convert this litigation into a criminal proceeding and violate his right to due process. Beyond the potential damages, Tenenbaum argues that, by creating a private right of action to enforce copyright protections, the Copyright Act, 17 U.S.C. § 101 et seq., amounts to an unconstitutional delegation of prosecutorial functions. The Defendant insists that the only way to avoid these constitutional infirmities is to interpret Section 504(c)'s statutory damages provision as applying only to commercial infringers.

In deciding the questions presently before the Court, the issue is obviously not whether the instant litigation is good policy.  There are many civil claims and criminal prosecutions that may well be entirely constitutional -- but, at the same time, entirely inequitable, inappropriate, or wrong-headed.  The Court's responsibility here is only to consider the former, not the latter.  For the reasons below, the Defendant's Motion to Dismiss (document # 779) based on unconstitutional delegation and non-commercial infringement is **DENIED**.  However, because the Court defers Tenenbaum's challenge to the constitutionality of the Copyright Act's statutory damages scheme as premature, he may refile his due process challenge should a jury find liability and award damages against him.

The Defendant argues that the statutory damages authorized by the Copyright Act, 17 U.S.C. § 504(c) -- which range from $750 to $150,000 per infringement -- far outstrip the actual damages incurred by the Plaintiffs and are therefore unconstitutionally excessive and punitive in nature.  Accordingly, he asks the Court to dismiss this lawsuit.  Yet all the parties appear to agree that, under the doctrine of constitutional avoidance, courts should refrain from deciding constitutional questions until it is plainly necessary to do so.  See Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 445 (1988).  In light of this principle, together with the substantial practical difficulties of comparing actual and statutory damages without a factual record, the Court will decide this constitutional question only if and when a jury awards damages against Joel Tenenbaum.  The due process challenge is deferred until that time.

To the extent that Tenenbaum argues that the Copyright Act, 17 U.S.C. § 101 et seq., represents an unconstitutional delegation where it grants private parties the ability to enforce copyright laws through civil suits, and therefore that the case should be dismissed now, his claim

is rejected.  Congress routinely grants private entities the power to enforce their statutory rights --

alongside parallel criminal provisions -- without delegating any inappropriate executive, judicial,

or legislative functions.  See Davis v. Passman, 442 U.S. 228, 241 (1979) ("Statutory rights and

obligations are established by Congress, and it is entirely appropriate for Congress, in creating

these rights and obligations, to determine in addition, who may enforce them and in what

manner."); see, e.g., 18 U.S.C. § 1964 (providing civil RICO penalties); 15 U.S.C. §§ 1114, 1125

(providing civil penalties for trademark infringement).  Indeed, the First Congress permitted

private citizens to pursue statutory damages for copyright infringement as part of the Copyright

Act of 1790, suggesting little incompatibility with either the Copyright Clause or the separation of

powers.  See 1 Stat. 124, 125.

      The fact that alleged copyright infringement has since ballooned on the heels of

file-sharing technology does not necessarily push commensurate private efforts to combat

infringement into the zone of criminal sanctions.  Here, in contrast to the cases cited by the

Defendant, the record companies possess no authority to make law, adjudicate liability, or

exercise executive powers.  See Carter v. Carter Coal Co., 298 U.S. 238 (1936); Suss v.

American Society for the Prevention of Cruelty to Animals, 823 F. Supp. 181 (S.D.N.Y. 1993).

If the Defendant argues that it is the magnitude of the penalties in relation to actual damages that

make this scheme criminal in character, and thus an unconstitutional delegation of prosecutorial

functions, again this argument must await the jury's verdict for the reasons described above.

      The Court also rejects the Defendant's argument that it could avoid these alleged

constitutional infirmities simply as a matter of statutory interpretation -- that is, by construing

Section 504(c) to apply only to commercial copyright infringers.  Since Tenenbaum made no

money from his alleged file-sharing activities, so the argument goes, the case should be dismissed at this juncture.  First, even if Section 504(c) applied only to commercial infringers, this would be no basis for dismissal because the provision deals only with the measure of damages, not liability. Non-commercial use is clearly not a complete defense to liability for copyright infringement, but only one of several factors considered as part of the fair use defense codified at 17 U.S.C. § 107. Second, there is simply no sound textual basis in Section 504(c) for the construction that the Defendant proposes -- i.e., an interpretation that excludes non-commercial infringers from even the minimum statutory damages.  The damages provision does not make the slightest reference to this distinction.  As such, the Court is not free to adopt the construction that Tenenbaum urges, one which would effectively amend the statute, in order to avoid his alleged constitutional infirmities.

> The canon of constitutional avoidance does not supplant traditional modes of statutory interpretation.  Clark v. Martinez, 543 U.S. 371, 385 (2005) ('The canon of constitutional avoidance comes into play only when, after the application of ordinary textual analysis, the statute is found to be susceptible of more than one construction; and the canon functions as a means of choosing between them.').  We cannot ignore the text and purpose of a statute in order to save it.

Boumediene v. Bush, 128 S. Ct. 2229, 2271 (2008) (emphasis omitted).  The Defendant's proposed statutory construction is unavailing and his Motion to Dismiss (document # 779) is **DENIED**.  He may refile his constitutional challenge to the nature and magnitude of the Act's penalties if and when the jury returns a verdict against him.

**SO ORDERED.**

**Date: June 15, 2009**                    */s/Nancy Gertner*
                                           **NANCY GERTNER, U.S.D.C.**