UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )
CAPITOL RECORDS, INC., et al.,         )
                                       )
              Plaintiffs,              )  Civ. Act. No.
                                       )  03-CV-11661-NG
v.                                     )  (LEAD DOCKET NUMBER)
                                       )
NOOR ALAUJAN,                          )
                                       )
              Defendant.               )
_____)

_____
                                       )
SONY BMG MUSIC ENTERTAINMENT, et al., )
                                       )
              Plaintiffs,              )  Civ. Act. No.
                                       )  07-CV-11446-NG
v.                                     )  (ORIGINAL DOCKET NUMBER)
                                       )
JOEL TENENBAUM,                        )
                                       )
              Defendant.               )
_____)
```

### **DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO RESPOND TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Counsel's submission to the Court on June 15, 2009 misinformed the Court to the effect that Plaintiffs had not responded to Defendant Tenenbaum's first set of interrogatories (Doc. # 848, at 10). In fact Plaintiffs had responded by snail mail that had not come to counsel's attention with objections to each and every one and no substantive response whatever. Plaintiffs' response is attached as Exhibit A.

Wherefore Defendant Tenenbaum moves to compel the Plaintiffs to fairly answer:

Interrogatory #1:

**For each of the songs named in the Complaint, describe in detail the history of the intellectual property surrounding the song including the est ablishment of claims of copyright, all licenses concerned with the copyrighted work, including their date and substance, the sale of the copyright(s) to other parties, from the earliest known record of the song's history as intellectual property until the time the initial complaint was filed against Defendant Joel Tenenbaum.**

This interrogatory asks for the legal definition of the copyrights being asserted against the defendant rendered as a history of its license. Defendant Tenenbaum requests that the plaintiffs be compelled to respond to this interrogatory in a manner they consider fair.

Interrogatory #2 and #3:

**For each of the songs named in the Complaint, identify any and all revenues from physical media sales, by month, from the inception date of the Plaintiffs; copyrights to the time of the initial complaint. Please include the methodology used in calculating the revenues.**

**For each of the songs named in the Complaint, identify any and all revenues from digital media sales, by month, from the inception date of the Plaintiffs; copyrights to the time of the initial complaint. Please include the methodology used in calculating the revenues.**

These interrogatories request data for graphs of revenue generated from each copyright by the sale of physical and digital media. This data may show that the defendant's actions, the fairness of which the jury is to judge, caused no discernible actual damage to the copyright

holder. This data may show that the copyright holder market is shifting from one market to another. Defendant Tenenbaum requests that the plaintiffs be compelled to respond to this interrogatory in a manner they consider fair.

Interrogatories No. 6 and No. 7:

> **For each of the songs named in the Complaint, identify any and all revenues derived from sales of the copyrighted work paid out to the original copyright holder, to the original author, and to the artist on a monthly or quarterly basis from the inception date of the Plaintiffs' copyrights to the time of the initial complaint.**
>
> **For each of the monthly or quarterly payments described in response to Interrogatory no. 6, identify how much of the payment was based in physical media sales versus how much of the payment was based on non-physical media sales.**

This interrogatory seeks to know whether and how much benefit flows from the copyright holder's exploitation of the copyright back to songwriters and performing artists. Defendant Tenenbaum requests that the plaintiffs be compelled to respond to this interrogatory in a manner they consider fair.

Interrogatory #8:

> **For each of the songs named in the complaint, identify the estimated loss or gain in revenue due to p2p file sharing on a monthly basis from the inception of the Plaintiffs copyrights to the present, explaining in detail how these estimates were calculated.**

This interrogatory could produce information showing that growth of p2p file sharing correlates to growth in digital sales. Defendant

Tenenbaum requests that the plaintiffs be compelled to respond to this interrogatory in a manner they consider fair.

JOEL TENENBAUM.

Dated:    June 23, 2009            By his attorneys,


/s/Charles R. Nesson
Charles R. Nesson, BBO# 369320
Harvard Law School
1525 Massachusetts Avenue
Cambridge, MA 02138
nesson@law.harvard.edu
Phone: (617) 495-4609
Fax: (617) 495-4299
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

    I, the undersigned hereby certify that on June 23, 2009, I caused a copy of the foregoing DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO RESPOND TO DEFENDANT'S FIRST SET OF INTERROGATORIES to be served upon the Plaintiffs via the Electronic Case Filing (ECF) system.

                                        /s/Charles R. Nesson_____
                                        Charles R. Nesson
                                        Attorney for Defendant