UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAPITOL RECORDS, INC., et al., )<br>     Plaintiffs, )<br>v. )<br>NOOR ALAUJAN, )<br>     Defendant. ) | Civ. Act. No. 03-cv-11661-NG<br>(LEAD DOCKET NUMBER) |
| SONY BMG MUSIC ENTERTAINMENT, )<br>et al.,   Plaintiffs, )<br>v. )<br>JOEL TENENBAUM, )<br>     Defendant. ) | Civ. Act. No. 07-cv-11446-NG<br>(ORIGINAL DOCKET NUMBER) |

## MOTION TO EXCLUDE TESTIMONY OF JOHN PALFREY

### INTRODUCTION

Defendant has designated John Palfrey as an expert witness to provide testimony concerning children's understanding of the concept of "fair use" under copyright law, how children should be educated regarding fair use, and an explanation of the behavior of so-called "digital natives" regarding creativity and copyrights.[1] As demonstrated below, this testimony has no conceivable relevance to any claim or defense in this case and, therefore, must be excluded under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal

---

[1] A copy of Mr. Palfrey's report and Curricula Vita are attached as **Exhibit A** hereto.

#1419443 v1 den

Rule of Evidence 403. Moreover, aside from the fact that his opinions have no relevance to the case, Mr. Palfrey is not qualified to offer such opinions in the first instance. While Mr. Palfrey is a cyberspace lawyer who co-teaches classes with Defendant's counsel, Charlie Nesson, and is also a fellow faculty member and co-Director of the Berkman Center with Nr. Nesson, he has no education, training, or expertise at all in child psychology, child development, or childhood education. Thus, Mr. Palfrey is not qualified to testify as an expert on these topics and should not be permitted to do so under *Daubert* and Federal Rule of Evidence 403.

Moreover, Mr. Palfrey by his own admission has no opinion whatsoever on whether or not Defendant engaged in the uploading or downloading of Plaintiffs' copyrighted sound recording, nor does he have any opinion whether or not Defendant's conduct is protected by fair use. (Though Mr. Palfrey believes that anyone who uploads music on P2P networks is violating the intellectual property rights of the artist and, as a general proposition, such conduct is not protected by fair use. (Palfrey Dep. at 59:16 to 63:22; 70:6 to 74:21.))

## ARGUMENT

### I.   MR. PALFREY'S TESTIMONY IS NEITHER RELEVANT NOR RELIABLE UNDER RULE 702 AND MUST BE EXCLUDED.

The Supreme Court has set an unequivocal bar that expert testimony must be excluded absent strict intellectual rigor. The issue is not whether the proffered expert has sufficient credentials; rather, "[t]he trial court [must] decide whether [the] particular expert [has] sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999) (quotation omitted). The trial court must act as the gatekeeper for all types of expert testimony. *Id.* at 141. All proffered expert testimony is governed by the Federal Rule of Evidence 702 reliability requirements. *Id.* at 149. The party offering expert witness evidence bears the burden of establishing that the expert is qualified to

give the opinion and that the opinion to be offered is both reliable and relevant within the meaning of Rule 702. *Cook v. CTC Communs. Corp.*, 2007 U.S. Dist. LEXIS 80849, at *5 (D.N.H. Oct. 15, 2007).

### A. Mr. Palfrey's Opinions Have No Conceivable Relevance To This Case.

"[E]xpert testimony must be relevant not only in the sense that all evidence must be relevant, but also in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue." *Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998) (citing *Daubert*, 509 U.S. at 591-93). In other words, Rule 702, "requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Ruiz-Troche*, 161 F.3d at 81.

Here, Mr. Palfrey's opinions are not relevant to any fact relating to the parties' claims and defenses. To prevail in this action, Plaintiffs must show: (1) ownership of valid copyrights; and (2) that Defendant violated one or more of their exclusive rights under the Copyright Act. *Saenger Org. v. Nationwide Ins. Licensing Assocs.*, 119 F.3d 55, 59 (1st Cir. 1997).

Mr. Palfrey offers no opinion as to whether Defendant infringed Plaintiffs' copyrights or whether any legally recognized defense would excuse Defendant's infringement. Rather, Mr. Palfrey would testify regarding the practices and discourses of so-called "digital natives, "how children understand fair use," and how to educate children. (Exhibit A at 3-4, § II.) Significantly, Mr. Palfrey has no opinion as to whether Defendant himself is a "digital native." (Palfrey Dep. at 153:22 – 154:5, excerpts attached as **Exhibit B**.) Moreover, even if Mr. Palfrey did consider Defendant a "digital native," that bears no relevance to this case. Indeed, Mr. Palfrey does not believe that "digital natives" are – or should be – subject to a different set of copyright laws or that those laws. (Palfrey Dep. at 154:6 – 154:18.)

3

Because his opinions have no bearing on any fact the jury must decide, Mr. Palfrey's testimony is not helpful to the jury in any way and must be excluded.

**B.     Mr. Palfrey's Testimony Is Not Reliable.**

An expert's testimony is not admissible unless his opinion is reliable. In order to be reliable, the testimony must be based on sufficient facts or data, the testimony must be the product of reliable principles and methods, and the witness must have applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *United States v. Vargas*, 2005 U.S. Dist. LEXIS 24606, at *5 (D. Mass. Oct. 24, 2005). "The court, in its role as gatekeeper, must exclude expert testimony that is not reliable and not specialized." *Hypertherm, Inc. v. Am. Torch Tip Co.*, 2009 U.S. Dist. LEXIS 22774, *3-4 (D.N.H. Feb. 27, 2009). As the Supreme Court explained in *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997), "nothing in either *Dauber*t or the Federal Rules of Evidence requires a district court to admit opinion Evidence that is connected to existing data only by the ipse dixit of the expert." *McGovern v. Brigham & Women's Hosp.*, 584 F. Supp. 2d 418, 424 (D. Mass. 2008).

Where the expert's opinion is not tied to the facts of the case, it must be excluded. *See Pelletier v. Main Street Textiles*, LP, 470 F.3d 48, 55-56 (1st Cir. 2006) (safety expert's testimony about industry customs and standards was properly excluded because expert failed to connect his proffered testimony to facts of case); *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 608 (7th Cir. 2006) (management professor's expert testimony was not sufficiently reliable to be admissible in employee's action against employer for emotional distress, because expert's opinions were not tied to specific sections of employer's policy manual and appeared to be general observations about normal or usual business practice); *Meterlogic, Inc. v. KLT, Inc.*, 368 F.3d 1017, 1019 (8th Cir. 2004) (expert testimony regarding discounted present value of seller's business was properly excluded because it did not fit facts of case).

Similarly, expert testimony which ignores the facts of the case must be excluded. *Bogosian v. Mercedes-Benz of N. Am.*, 104 F.3d 472, 479 (1st Cir. 1997) (excluding expert's testimony that car's gear shift was defective was not tied to the facts of the case and was contrary to the proffering party's testimony); *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416-417 (8th Cir. 2005) (trial court properly excluded expert's calculation of anticipated future damages because calculation failed to take into account "a plethora" of relevant facts).

Here, Mr. Palfrey's opinions are not tied to the facts of this case. First, Mr. Palfrey admits his reports are not based on any factual information regarding this case. (Palfrey Dep. at 45:20 - 45:23.) Mr. Palfrey has not met Defendant nor spoken with him. Indeed, Mr. Palfrey has admitted that he is not at all familiar with the facts of this case. (Palfrey Dep. at 72:18 - 72:21, 149:3 - 149:15, 189:21 - 190:3.) Mr. Palfrey has not read any depositions or reviewed any of the evidence in this case. (Palfrey Dep. at 46:3 - 48:2.) Next, Mr. Palfrey admitted that he has no reason to believe that the conclusions in his report as to children's understanding of copyright law on the Internet apply to Defendant. (Palfrey Dep. at 150:11 - 50:15; 150:21 - 151:5.) Indeed, Mr. Palfrey's proffered opinions as to "children's" understanding and education of Internet-related issues apparently ignores the fact that Defendant was not a child when he engaged in the infringement at issue here. On the contrary, Defendant was a twenty year old college sophomore when he was caught infringing in August 2004. Further, Plaintiffs' evidence demonstrates that Defendant continued infringing through February 2007, and possibly as late as May 2008, when he was a twenty-four year old Ph.D. student and teacher. (*See* Statement of Facts in Support of Motion for Summary Judgment Re Fair Use ¶ 16, Doc. No. 874.) As

5

#1419443 v1 den

Defendant was a grown man when he engaged in the conduct at issue, Mr. Palfrey's opinions regarding children do not even apply to Defendant, much less have any relevance to this case.

Mr. Palfrey also has no reason to believe that Defendant did not understand that his uploading and downloading of copyrighted works on a P2P network without authorization was illegal.  (Palfrey Dep. at 150:16 - 150:20.)  Mr. Palfrey has no opinion as to whether Defendant is a so-called "digital native."  (Palfrey Dep. at 153:22 – 154:5.)  Accordingly, Mr. Palfrey's testimony is not tied to the facts of this case, but instead consists of general statements about children's experiences on the Internet.

Because Mr. Palfrey's conjectures about children's understanding of the Internet, their necessary education, and "digital natives'" practices on the Internet have no relation to the facts, they have no place in this case and should be excluded.

### III.   MR. PALFREY'S TESTIMONY SHOULD BE EXCLUDED BECAUSE HE IS NOT QUALIFIED TO OFFER AN EXPERT OPINION ON CHILD PSYCHOLOGY, CHILD DEVELOPMENT, OR CHILDHOOD EDUCATION.

"In performing its gatekeeping function, a court must consider whether the putative expert is qualified by knowledge, skill, experience, training, or education." *Prado Alvarez v. R.J. Reynolds Tobacco Co.*, 405 F.3d 36, 40 (1st Cir. 2005) (internal quotation omitted); *see also Daubert*, 509 U.S. at 592 ("relaxation of the usual requirement of first-hand knowledge . . . is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline").  It is "beyond debate" that a testifying expert "should have achieved a meaningful threshold of expertise" before being allowed to offer opinions to a jury. *Prado Alvarez*, 405 F.3d at 40.

Moreover, that "a witness qualifies as an expert with respect to certain matters or areas of knowledge, [does not mean] that he or she is qualified to express expert opinions as to other fields." *Levin v. Dalva Bros.*, 459 F.3d 68, 78 (1st Cir. 2006) (citing *Nimely v. City of New York,*

6

414 F.3d 381, 399 n.13 (2d Cir. 2005)). "[A]n expert must have specific knowledge, not mere capacity to acquire knowledge." *Silva v. Amer. Airlines*, 960 F. Supp. 528, 531 (D.P.R. 1997).

Where a putative expert lacks the qualifications in the area in which he seeks to testify, the testimony must be excluded. *Prado Alvarez*, 405 F.3d at 40 ("to grant the status of expert to one . . . with such a variegated and unfocused record of scholarly efforts and minimal attention to analysis, would threaten the effective functioning of the gatekeeper process"); *Apostol v. United States*, 838 F.2d 595, 598 (1st Cir. 1988) (proponent's failure to present evidence of proposed expert witness's qualifications requires exclusion); *Levin*, 459 F.3d at 78 ("a district court acts properly by excluding opinions that are beyond the witness's expertise"); *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 724 (7th Cir. 1999) (reversible error for district court to allow a metallurgy professor to testify on toxicology or health effects of manganese because "these conclusions were rooted in medical knowledge and training which [expert witness] did not have"); *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969-970 (10th Cir. 2001) (board-certified orthopedic surgeon was not qualified to testify about intramedullary nailing since she was not familiar with that surgical technique); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (polymer scientist who had never been employed in any capacity dealing with tire design or manufacture, and who had never published any articles about tires or examined a tire professionally before the litigation, held not qualified to testify as tire expert in products liability action); *Thomas J. Kline, Inc., v. Lorillard, Inc.*, 878 F.2d 791, 799-800 (4th Cir. 1989) (abuse of discretion to permit witness with M.B.A., but with no training or experience in antitrust or making credit decisions, to give expert opinion regarding credit practices); *Silva*, 960 F. Supp. at 531 (holding that civil engineer was not qualified to testify about aircraft interior safety

7

hazards because he had never tested or studied those hazards and, therefore, such testimony was beyond witness's expertise).

Mr. Palfrey is "a law teacher." (Palfrey Dep. at 32:21 – 32:22.) He has a B.A. in history and literature from Harvard College, a masters in general studies from Cambridge University, and a J.D. from Harvard Law School. (Palfrey Dep. at 48:7 – 48:14, 50:11 – 50:23, 52:11-53:7.) His training and experience focuses on the Internet, copyright, and democracy. (Palfrey Dep. at 32:24 - 33:7.) Here, however, he plans to opine on "how children understand fair use," "the characteristics of digital natives," and "communicating principles of behavior to children." (Exhibit A at 3-4, § II.) Mr. Palfrey does not have a degree in child development or in child psychology. (Palfrey Dep. at 48:10 – 21; 49:24 – 53:12.) Nor does he have any work experience or formal training in child development or in child psychology. (Palfrey Dep. at 49:24 – 53:12.) Accordingly, Mr. Palfrey is simply not qualified to opine on matters of psychology and child behavior. *Morales v. Amer. Honda Motor Co.*, 151 F.3d 500, 525 (6th Cir. 1998) (witness not qualified to testify as an expert regarding the ability of children under 12 to ride a motorbike because he has no knowledge, skill, experience, training, or education regarding the ability of children to safely ride a motorbike); *Schmidt v. Magyari*, 557 F.3d 564, 571 (8th Cir. 2009) (affirming district court's exclusion of police officer who would have opined on the psychological impact of custody on arrestees because he had no relevant academic credentials and no work experience pertinent to psychology.)

Indeed, Mr. Palfrey's only exposure to child development and child psychology appears to have been some interviews and focus groups he conducted over the past two years for a book he co-authored. While Mr. Palfrey may have developed an interest in the Internet's psychological effect on children, and on children's understanding of the Internet, he has no

specialized knowledge, education, training, or even attendance at a single technical course on the subject of child psychology or child development, that would prepare him to make expert opinions on children's "understanding" of fair use on the Internet or their "practices and discourses surrounding creativity and copyright." These areas remain beyond his area of expertise. *See Wilson v. Woods*, 163 F.3d 935, 938 (5th Cir. Miss. 1999) (trial court did not err in refusing to qualify a witness as an "accident reconstructionist" where the record revealed that although he had done consulting work for 25 years in fire reconstruction and investigation, he had only recently shifted his professional emphasis to automobile accident reconstruction); *Edmonds v. Illinois Cent. Gulf R.R. Co.*, 910 F.2d 1284, 1287 (5th Cir. 1990) (trial court erred in permitting clinical psychologist to testify that stress worsened plaintiff's preexisting heart condition since this was a medical issue "plainly beyond this witness's expertise in the field of psychology."); *Taylor Pipeline Constr., Inc. v. Directional Rd. Boring, Inc.*, 438 F. Supp. 2d 696, 705-06 (E.D. Tex. 2006) (witness with over 30 years of experience in the construction industry who acted as general contractor, subcontractor, and construction manager could testify as to the "quality or methods of construction," but he was not qualified as expert on construction law, though he attended four construction law seminars). Accordingly, Mr. Palfrey's testimony should be excluded.

### IV. MR. PALFREY'S TESTIMONY SHOULD BE EXCLUDED UNDER RULE 403 BECAUSE ANY RELEVANCE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE.

Rule 403 provides for the exclusion of testimony when its relevance is substantially outweighed by its potential prejudice:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . .

#1419443 v1 den

Fed. R. Evid. 403. The Rule 403 balancing process is especially important in the context of expert testimony. "Because 'expert evidence can be both powerful and quite misleading,' a trial court must take special care to weigh the risk of unfair prejudice against the probative value of the evidence under Fed. R. Evid. 403." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 884 (8th Cir. 1998) (citing *Daubert*, 509 U.S. at 595). A Court should exclude expert evidence which is "uncertain and speculative and would confuse rather than enlighten the jury." *United States v. Curnew*, 788 F.2d 1335, 1337 (8th Cir. 1986).

In jury trials, the danger of prejudice resulting from the presentation of expert testimony is significant, because of the potential for the jury to automatically accept an expert witness's testimony. *Jinro Am. v. Secure Investments, Inc.*, 266 F.3d 993, 1005-07 (9th Cir. 2001) (district court abused its discretion in admitting defense expert's unreliable, inflammatory, ethnically-biased testimony, given likelihood that statements as a purported expert would carry special weight with the jury); *Pinkham v. Burgess*, 933 F.2d 1066, 1071 (1st Cir. 1991) (excluding witness' "doubly qualified opinion: that the defendant's *possible* mental condition years before he was examined, if it existed, *could* have affected his ability to perceive the harm that he was causing a client) (emphasis in original).

Here, the probative value of Mr. Palfrey's testimony is virtually nil because Mr. Palfrey has no expertise in child psychology or child development and because his opinions are no way tied to the facts of this case. Because Mr. Palfrey's testimony is neither relevant nor reliable, the dangers of unfair prejudice to Plaintiffs, of confusing of the issues, and of misleading the jury substantially outweigh any probative value and his testimony should be excluded.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court exclude the testimony and opinions of John Palfrey from the trial of this matter.

Respectfully submitted this 17th day of July, 2009.

                SONY BMG MUSIC ENTERTAINMENT;
WARNER BROS. RECORDS INC.;
ATLANTIC RECORDING CORPORATION;
ARISTA RECORDS LLC; and UMG
RECORDINGS, INC.

By their attorneys,

By:   s/ Eve G. Burton

Timothy M. Reynolds (pro hac vice)
Eve G. Burton (pro hac vice)
Laurie J. Rust (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
Email:   timothy.reynolds@hro.com

Matthew J. Oppenheim (*pro hac vice*)
THE OPPENHEIM GROUP
7304 River Falls Drive
Potomac, MD 20854
Telephone (301) 299-4986
Facsimile: (866) 766-1678
Email: matt@oppenheimgroup.net

Daniel J. Cloherty
DWYER & COLLORA, LLP
600 Atlantic Avenue - 12th Floor
Boston, MA 02210-2211
Telephone: (617) 371-1000
Facsimile: (617) 371-1037
dcloherty@dwyercollora.com

ATTORNEYS FOR PLAINTIFFS

#1419443 v1 den

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 17, 2009.

                                          s/ Eve G. Burton