UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )
CAPITOL RECORDS, INC., et al.,         )
                                       )
             Plaintiffs                ) Civ. Act. No.
                                       ) 03-CV-11661-NG
v.                                     ) (LEAD DOCKET NUMBER)
                                       )
NOOR ALAUJAN,                          )
                                       )
    Defendant.                         )
_____)


_____
                                       )
SONY BMG MUSIC ENTERTAINMENT, et al.,  )
                                       )
             Plaintiffs,               ) Civ. Act. No.
                                       ) 07-CV-11446-NG
v.                                     ) (ORIGINAL DOCKET
NUMBER)
                                       )
JOEL TENENBAUM,                        )
                                       )
             Defendant.                )
_____)
```

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The Defendant, Joel Tenenbaum, requests that the following unagreed-upon instructions be included in the Court's charge to the jury.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO.

**INFRINGEMENT, GENERAL**

Joel Tenenbaum is charged with infringing Plaintiffs' copyrights. An infringement of copyright is an unpermitted and unfair use of the copyrighted work. Copying a copyrighted work without permission is not necessarily an infringement. To be an infringement, the copying must be unfair. Use that is fair is not an infringement.

---

17 U.S.C. sec. 107: "the fair use of a copyrighted work ... is not an infringement of copyright."

DEFENDANT'S PROPOSED JURY INSTRUCTION NO.

**FAIR USE, FUNCTION OF THE JURY**

Whether Joel Tenenbaum's conduct was infringing or fair will be for you to decide. It will be my task to rule on the admissibility of evidence, excluding that which is irrelevant. In making these rulings on evidence I will necessarily in some degree be framing your fairness judgment. I will do that by considering what might be relevant to you. But with respect to fairness judgment itself, you will be the ultimate judge.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO.

**FAIR USE, DEFINITION**

Fairness is a principle not capable of bright-line definition. We know it when we see and feel it. A sense of fairness is something you yourself bring to the task of being a juror in this case.

The fairness of Joel Tenenbaum's use is to be judged as between the user, Joel Tenenbaum, and the copyright holders, [name them], in the context of this specific case.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO.

**FAIR USE, FACTORS**

The copyright statute lists four factors which you must consider in determining whether the use of a work in any particular case is a fair use. These are:

1. the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2. the nature of the copyrighted work;

3. the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

4. the effect of the use upon the potential market for or value of the copyrighted work.

In addition to these statutory factors, you may also consider the following factors:

5. the assumption of risk by the copyright holder in releasing the copyrighted work into an environment in which it was likely to be widely copied;

6. the copyright holders contribution to the attractiveness of downloading and sharing the copyrighted work by their marketing of it;

7. the relative unattractiveness of the copyright holder's permitted alternative to the free downloading and sharing alternative;

8. the imposition on parents to police their childrens' computer use and live in fear that their children will fail to follow a rule they neither understand nor agree with.

9. the imposition on schools and universities of necessity to enforce rules that run contrary to their educational mission and constrain the efficiency and experimental reach of their information systems, under threat of liability for allowing their students access to the internet world of their peers.

These factors are not exclusive. In determining whether Joel Tenenbaum's use was fair, you may bring to bear your experience and common sense.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO.

**FAIR USE, BURDEN OF PROOF**

The burden of proving unfairness is on the Plaintiffs as part of their burden of proving infringement. Defendant Joel Tenenbaum, as someone who was not using the copyrighted work as part of a business, is entitled to a presumption favoring noncommercial users. This presumption asks you start in your consideration and ultimately your deliberation of this case from the assumption that Joel Tenenbaum's use was fair, and then consider whether the evidence that his use was unfair persuades you. When deciding a question it sometimes it makes a difference from which end you start, like the presumption of innocence in criminal cases with which I am sure you are familiar. Similar to a criminal case, the Plaintiffs bear the burden of persuading you.

---

Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417 (1984)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO.

**DAMAGES, SCOPE**

The uses in question here are the defendant's alleged downloading and sharing of five songs. While there may be evidence relating to other downloading and sharing, the only issue of infringement or fair use that is before you concerns these five songs.

If you find that the Plaintiffs have proved infringement, and if you find that the Plaintiffs have proved that Joel's use was not fair, you may only award damages, if any, as to those five songs.

**DAMAGES, WILLFULNESS**

Joel Tenenbaum is charged with infringing the Plaintiffs' copyrights willfully. If you determine not only that he infringed but also that he did so "willfully" then he is subject to an enhanced penalty for doing so. To infringe copyright willfully in this context means to copy a copyrighted work without permission knowing it to be a violation of law and doing it anyway for the purpose of making money.

---

17 U.S.C. sec. 504(c) describes three levels of statutory damages. The bottom level is "not aware." Logically, the next level up must be aware or knowing. But if the middle category is knowing, then the top level must be more than knowing: "knowing and done for commercial profit." Otherwise the statutory structure makes no sense.

**DAMAGES FOR WHAT**

Seven songs were listed in Exhibit A to the Complaint. Media Sentry verified for only these seven songs that the mp3 file they downloaded from Joel was a copy of the copyrighted sound recording of the song. The seven songs (now without explanation dropped to five) were the sole focus of their multiple sets of interrogatories and requests for admission. Notice to the Defendant that Plaintiffs were pursuing statutory damages for 30 additional songs was buried in a footnote to an unfiled and therefore not publicly reviewed disclosure statement in October, 2008, which I missed. From their viewpoint my continuing misimpression thereafter that we were litigating only the seven songs must have amused them. How many times did I say in media they follow that Joel was being sued for seven songs with liability threatened of over a million dollars?

Instead of more than a million Joel is now defending against the threat of almost five. And why stop there? The number chosen is almost totally in the Plaintiffs' control. Plaintiffs could have pleaded 851 songs, and added another thousand from Joel's current computer. This must be wrong, in math a *reductio ad absurdum*.

Joel offers an alternative interpretation of the statute that makes more sense and keeps logic in proportion. If he is an infringer at all, then he is guilty of one infringing behavior for which he should be punished once, not a thousand times. He downloaded and shared music peer to peer.

504 (c) (1) authorizes "an award of statutory damages for all infringements involved in the action [snip] in a sum of not less than $750 or more than $30,000 as the court considers just."

That quite clearly seems to say for "all infringements involved in the action", not "each". The two statutory phrases snipped out of the quote above to clarify the meaning of the statutory declaration are, "with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." When applied to commercial counterfeiters with which this statute was designed to deal, these ancillary phrases means that if the copyright holder catches the guy selling counterfeit CD's, the copyright holder can collect statutory damages from him

even though he wasn't the maker of the copies. it does not mean that the copyright holder can multiply $150,000 by the number of CD's they caught the guy selling.

**"JUST" DAMAGES**

The jury should be told only that it's task is to assess damages that are "just". To instruct otherwise is to give the jurors a commercial frame of reference within which to consider the question of what is just in an award against a noncommercial defendant. This is bound to confuse the jury without explanation that the statutory range is meant to include criminal commercial infringers. This in turn may lead to a split-it-down-the-middle approach such as was taken by the jury in the Jammie Thomas Rasset case, split the difference between $750 and $150,000, roughly $80,000, that's fair, fill in 24 verdict forms and the jury is done, $1.92 million.

Let the jury in this case come back with the number they think is "just" without their sense of justice being tainted by a reference frame meant for another context. If the jury's verdict falls outside the frame of section 504(c) then it can be adjusted and its adjustment contested.

This obviously fairer and more reasonable approach than tainting the jury's sense of justice with huge numbers is

mandated by the Supreme Court's holding in *Feltner v. Columbia Pictures*, 523 U.S. 340, 353 (1998): The Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c), including the amount itself.