UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CAPITOL RECORDS, INC., et al., | ) ) ) | |
| Plaintiffs, | ) | Civ. Act. No. 03-cv-11661-NG |
| v. | ) ) | (LEAD DOCKET NUMBER) |
| NOOR ALAUJAN, | ) ) | |
| Defendant. | ) ) | |

|  |  |  |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, | ) ) | |
| et al., Plaintiffs, | ) ) | Civ. Act. No. 07-cv-11446-NG |
| | ) | (ORIGINAL DOCKET NUMBER) |
| v. | ) ) | |
| JOEL TENENBAUM, | ) ) | |
| Defendant. | ) ) ) | |

### PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE WAYNE MARSHALL FROM TESTIFYING AS A FACT WITNESS

Plaintiffs respectfully submit this Motion in Limine to Preclude Wayne Marshall from

testifying as a fact witness, and in support state as follows:

On July 17, 2009, the Court denied Defendant's motion to add Wayne Marshall as an

expert witness as "simply too late."  (Minute Entry dated July 17, 2009).  Undeterred, three days

later, Defendant announced in his Witness List that he intends to call Marshall as a fact witness.

(Doc. 893[1].)

---

[1] Marshall was not listed as a fact witness in the Witness List Defendant served on
Plaintiffs on July 15, 2009, but was instead listed as an expert witness.

As Defendant has failed to comply with the most basic requirements of Rule 26(a)(1), Defendant should not be permitted to call Mr. Marshall as a fact witness.  Rule 37(c)(1) ordinarily requires mandatory preclusion of witnesses not disclosed pursuant to Rule 26(a)(1). *See Primus v. United States*, 389 F.3d 231 (1st Cir. 2004) ("the adoption of Rule 37(c)(1) in 1993 'gave teeth to a significantly broadened duty' to comply with case management orders"); *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998) (Rule 37 "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches . . ., and the required sanction in the ordinary case is mandatory preclusion.").

Here, Defendant has never disclosed Marshall as an individual likely to have information relevant to his claims or defenses and has never informed Plaintiffs of the proposed subject of Marshall's fact testimony.  F.R.C.P. 26(a)(1).  This is not a mere formality.  Because Mr. Marshall was never disclosed, Plaintiffs did not depose him and have no idea what facts relevant to this case Marshall intends to testify to.  In fact, Plaintiffs do not believe, based on his previous expert report, that Marshall has any personal knowledge regarding the facts of this case and believe this to be an attempt by Defendant to circumvent the Court's order disallowing Marshall as an expert witness.  Moreover, Defendant offers no justification for his failure to disclose Marshall as a fact witness until one week before trial.

As Defendant failed to disclose Marshall as required and appears to be playing games, Plaintiffs respectfully request their reasonable attorney fees incurred in bringing this Motion, pursuant to Fed. R. Civ. P. 37(c)(1).

Accordingly, Plaintiffs respectfully request that the Court enter an order precluding Wayne Marshall from testifying at trial and awarding their reasonable attorneys' fees incurred in bringing this Motion.

#1419949 v1 den

Plaintiffs conferring with Defendant's counsel regarding this Motion and Defendant

opposes this Motion.

Respectfully submitted this 22nd day of July 2009

<div style="margin-left:50%">

SONY BMG MUSIC ENTERTAINMENT;
WARNER BROS. RECORDS INC.;
ATLANTIC RECORDING CORPORATION;
ARISTA RECORDS LLC; and UMG
RECORDINGS, INC.

By their attorneys,

By:   s/ Eve G. Burton

Timothy M. Reynolds (pro hac vice)
Eve G. Burton (pro hac vice)
Laurie J. Rust (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
Email:    timothy.reynolds@hro.com

Matthew J. Oppenheim (pro hac vice)
The Oppenheim Group
7304 River Falls Drive
Potomac, MD 20854
Telephone (301) 299-4986
Facsimile:  (866) 766-1678
Email:  matt@oppenheimgroup.net

Daniel J. Cloherty
DWYER & COLLORA, LLP
600 Atlantic Avenue - 12th Floor
Boston, MA 02210-2211
Telephone:  (617) 371-1000
Facsimile:  (617) 371-1037
dcloherty@dwyercollora.com

ATTORNEYS FOR PLAINTIFFS

</div>

3

#1419949 v1 den

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 22, 2009.

s/ Eve G. Burton

4

#1419949 v1 den