UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPITOL RECORDS, INC., et al.,<br>　　　　　　Plaintiffs,<br>v.<br>NOOR ALAUJAN,<br>　　　　　　Defendant. | Civ. Act. No. 03-cv-11661-NG<br>(LEAD DOCKET NUMBER) |
| SONY BMG MUSIC ENTERTAINMENT, et al.,　　　　Plaintiffs,<br>v.<br>JOEL TENENBAUM,<br>　　　　　　Defendant. | Civ. Act. No. 07-cv-11446-NG<br>(ORIGINAL DOCKET NUMBER) |

**PLAINTIFFS' RESPONSE TO JURY INSTRUCTION NO. 110**

Plaintiffs respectfully submit this brief in response to Draft Jury Instruction 110.[1]

**I.　Introduction**

Draft Jury Instruction 110 proposes that in order for the Plaintiffs to prove willfulness, they must establish "more than mere knowledge" and the instruction goes on to list a variety of factors for the jury to consider.  This instruction as currently drafted, disregards decades of clear case law, including case law from this Court, and a variety of different model

---

[1] Plaintiffs have concerns with a variety of other provisions of the Draft Jury Instructions distributed on July 29, 2009.  This brief is intended to address but one of those concerns relating to Instruction 110.  Plaintiffs will raise their other concerns with the Court orally on July 30, 2009.

instructions. Put more starkly, Plaintiffs are not aware of a single case that sets the bar for "willfulness" in copyright or other intellectual property cases as high as Draft Jury Instruction 110. The wealth of authority sets forth that the instruction ought to be as follows: "Willful infringement is that committed with knowledge of or reckless disregard for the plaintiffs' copyrights." The adoption of a standard as described in the current Draft Jury Instruction 110 could have a profound impact on creators of all stripes who seek to protect their copyrights from knowing or wanton infringement. The adoption of a standard of willfulness such as is proposed in the draft instructions will almost invariably lead to an appeal, regardless of the determination by the jury, given the broad policy implications for Plaintiffs and other copyright holders nationwide.

The draft instruction is the product of Defendant's musings to the court that there are three different levels of culpability in the copyright law. Simply put, that is wrong. There is no support in the language, law or legislative history for Defendant's construction of the Copyright Act, which recognizes only willful and non-willful infringers. Innocent infringement is not its own level of culpability; it is, as the legislative history of the Berne Convention Implementation Act makes clear, a mitigation defense that is only available when the copyright owner has failed to place proper copyright notices on its works. And, subsequent legislative history from the Digital Theft Deterrence and Copyright Damages Improvement Act, which sought to adjust statutory damages for internet infringement, makes clear that instances of unknowing infringement are intended to fall within the non-willful provisions of the Act.

In order to understand Draft Jury Instruction 110, one must give the ordinary word "willful" an extraordinary meaning. Willful generally means: deliberate, voluntary, intentional, unreasonably stubborn or headstrong. In the Draft Instruction, willful is defined

as "more than mere knowledge." This is not the way "willful" is defined in normal usage. This definition is not only contrary to the normal meaning prescribed for "willful," but is also directly contrary to this Court's standard for willfulness announced in *Fitzgerald v. CBS Broadcasting, Inc.*, 491 F. Supp. 2d 177, 190 (D. Mass 2007), which provided that "infringement is willful when the infringer knew or should have known that her action was copyright infringement."

Beyond the fact that the Draft Jury Instruction reinterprets the term willful, it fails to provide a clear standard for the jury to apply. It is axiomatic that jury instructions must provide juries with a clear articulation of the law that can be easily followed. While the Court states that willfulness is "more than mere knowledge," it is not evident in the instruction what, in fact, constitutes "more than mere knowledge." The Draft Jury Instruction's recitation of a variety of factors for the jury to consider only adds to the confusion, as none of the factors are defined. While listing factors may be an appropriate manner to provide jury guidance with respect to the determination of damages, it does not set forth a clear standard for determining whether a defendant's infringement is willful or not.

Moreover, the language of the draft instruction appears to create a standard for proving willfulness in a civil case that would be higher than the standard for willfulness in criminal copyright law.

Finally, structure of the draft instruction is entirely inequitable and should be modified so as not to improperly dissuade the jury away from willfulness or to a lower damages amount.

II. **THE COPYRIGHT STATUTE HAS TWO LEVELS OF CULPABILITY, NOT THREE. INNOCENT INFRINGEMENT IS A MITIGATION DEFENSE, NOT AN INDIVIDUAL LEVEL OF CULPABILITY.**

    a. **There are Only Two Levels of Infringement: Infringement and Willful Infringement**

The Court's Order and proposed instruction are based on a fundamental misconception that the Copyright Act has three levels of culpability. In his proposed jury instruction, Defendant suggested, without citation to any legal authority, that the Copyright Act includes three level of culpability: innocent infringement, for the "unknowing" infringer, standard infringement for the "knowing" infringer, and willful infringement, which must, intuitively, Defendant argues, require "something more than knowing infringement." This is simply incorrect. The Copyright Act has only two levels of culpability: infringement, which is a strict liability offense, and willful infringement, which requires knowledge or reckless disregard. See infra, section III. The "innocent infringer" is not -- as Defendant muses, a lower level of culpability but is, instead, a mitigation defense that is only available to a defendant when the copyright holder has failed to place proper copyright notices on the works at issue.[2]  17 U.S.C. 504(c); 17 U.S.C. § 402(d) ("If a notice of copyright . . .appears on the published [sound recording] . . .to which a defendant . . .*had access*, then *no weight shall be given* to such a . . .defense based upon innocent infringement in mitigation of actual or statutory damages."); *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) ("the statutory question is whether 'access' to legitimate works was available"); *UMG Recordings, Inc. v. Cuccia*, Case No. 06-C-638-C, slip op. at 4-5 (W.D. Wis. Aug. 6, 2007) (rejecting the innocent infringement defense in a similar case and holding that "a defendant may not prevail on this argument when the copyright notice has been properly displayed on published copies of the recordings and defendant had access to these copies."); *Original Appalachian*

---

[2] The innocent infringer defense is not at issue in this case for at least two reasons. First, it has never been plead. Second, there is no dispute that copyright notices were properly affixed to the copyrighted works at issue.

*Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 464-65 (E.D. Pa. 1987) (rejecting "the defendant's contention that he should be treated as an 'innocent' infringer" where the works at issue carried proper copyright notices).

Because innocent infringer mitigation is unavailable in this case, the Court is left with only two options: infringement and willful infringement. Since copyright infringement is a strict liability offense, non-willful infringement cannot include a knowledge or intent requirement. *See Chavez v. Arte Publico Press,* 204 F.3d 601, 607 (5th Cir. 2000). As this Court explained in the context of these very cases, "Plaintiffs are not required to prove knowledge of intent in order to make out a prima facie case of copyright infringement." *London-Sire Records, Inc. v. Does 1*, 542 F. Supp. 2d 153 (D. Mass. 2008). *See Pinkham v. Sara Lee Corp.,* 983 F.2d 824,829 (8th Cir. 1992) ("The defendant's intent is simply not relevant: The defendant is liable even for 'innocent' or 'accidental' infringements."); *Pye v. Mitchell*, 574 F.2d 476 (9th Cir. 1978) ("Even where the defendant believes in good faith that he is not infringing a copyright, he may be found liable."); *Fitzgerald Pub.Co., Inc. v. Baylor Pub. Co., Inc.,* 807 F.2d 1110 (2d Cir. 1986) ("Under §501(a) intent or knowledge is not an element of infringement"). As standard infringement requires no knowledge or intent, it does not make sense that willful infringement requires more than knowledge or intent.

    **b. Legislative History Confirms That There Are Only Two Levels Of Copyright Infringement: Infringement And Willful Infringement.**

The rationale for including an "innocent infringer" mitigation of damages in the Copyright Act was to encourage copyright holders to place copyright notices on their copyrighted works. The legislative history to the Copyright Act confirms that the innocent infringer defense is available to a party only when the copyright holder fails to provide notice on a copyrighted work. When Congress amended the Copyright Act in 1988, in the Berne

5

Convention Implementation Act, it eliminated provisions requiring mandatory copyright notices. The Senate Judiciary Committee made clear that the mitigation of damages under section 504(c)(2) was reserved for those cases where a copyright holder failed to include notice on a copyrighted work that a defendant infringed:

> [T]he bill eliminates the mandatory notice provisions of current law, while creating a limited incentive for notice . . . the committee recognizes the value of including notice of copyright on publicly distributed works. The placement of such notices on copies of works alerts users to the fact that copyright is claimed in the work in question . . . Accordingly, section 7(a) also *creates an additional incentive for notice* by adding to 17 USC 401 a new subsection (d), which, in specified circumstances, *will allow a copyright proprietor who places notice on copies of the work to prevent an attempt by an infringer to mitigate damages*.

S. Rep. 100-352, at 43 (1988) (emphasis provided), *reprinted in* 1988 U.S.C.C.A.N. 3740-3741.[3] As a result, the Committee described the creation of section 402(d) as "direct[ing] the court to give 'no weight' to [an innocent infringer defense under section 504(c)(2)] in a case in which the copies to which the defendant had access included a notice of copyright in the form and position specified by the statute." *Id*. at 44, *reprinted in* 1988 U.S.C.C.A.N. 3741; *see also Qualey v. The Caring Center of Slidell*, 1995 U.S. Dist. LEXIS 19525, at *7, n.3 (E.D. La. Jan. 4, 1996) (emphasizing that compliance with the notice requirements under the Copyright Act effectively precludes an infringer from raising an innocent infringement defense).

In 1999, corresponding with the advent of Napster, , Congress passed the Digital Theft Deterrence and Copyright Damages Improvement Act in order to increase statutory damages for willful and non-willful infringement. *See* Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. Legislative history makes clear that Congress sought to increase penalties for, at least, two types of internet infringement cases:

---

[3] The Committee stated that the revisions impacted both section 401(d) and, in the case of phonorecords, section 402(d) as well. S. Rep. 100-352, at 44 (1988), *reprinted in* 1988 U.S.C.C.A.N. 3741.

those where individuals were ignorant of the law (unknowing) and those where the individuals simply did not believe that they would be caught (the situation Defendant's father described yesterday). Congress did not amend the innocent infringement defense.

If Congress intended unknowing infringement to fall within the innocent infringement provision, and given the Report of the Committee on the Judiciary explanation that increases were needed to achieve "more stringent deterrents to copyright infringement and stronger enforcement of the laws," H.R. Rep. No. 106-216, at 2 (1999), Congress would have also adjusted the innocent infringement statutory damage range – something it did not do. As such, the legislative history disproves the notion that unknowing infringement falls within the innocent infringer mitigation defense. The House Report elaborated in a way that resonates with Plaintiffs' allegations in this case:

> Many computer users are either *ignorant that copyright laws apply to Internet activity*, or they simply *believe that they will not be caught* or prosecuted for their conduct. Also, many infringers do not consider the current copyright penalties a real threat and continue infringing even after a copyright owner puts them on notice . . . . In light of this disturbing trend, it is manifest that Congress respond appropriately with *updated penalties to dissuade such conduct*. H.R. 1761 increases copyright penalties to have a *significant deterrent effect* on copyright infringement.

*Id.* at 3 (emphasis added). Clearly, Congress' intent was to increase penalties in order to address the exact infringement at issue in this case. Defendant's interpretation and the Court's proposed instruction would substantially undermine that explicit goal.

### III. THE COURT'S PROPOSED JURY INSTRUCTION REGARDING WILLFULNESS DEPARTS FROM DECADES OF CASE LAW.

The Court's proposed instruction departs from well-settled law by requiring "more than mere knowledge of infringement" to establish willfulness and by listing several factors to consider in determining willfulness. As demonstrated below, case law and model jury

7

instructions are clear: mere knowledge, actual or constructive, is sufficient to establish willfulness.

        A.      **Case Law Makes Clear That Mere Knowledge, Actual Or Constructive, Is Sufficient To Establish Willfulness.**

Every Circuit Court to have confronted the issue has held that the defendant's knowledge that his conduct constituted copyright infringement is sufficient to establish willfulness for purposes of statutory damages. *United States v. Acevedo-Cruz*, 2006 U.S. Dist. LEXIS 9435 (D.P.R. Feb. 23, 2006) (citing *Fitzgerald Pub. Co., Inc. v. Thomas Pub. Co., Inc.*, 807 F.2d 1110, 1115 (2d Cir. 1986)); *Cable/Home Comc'n v. Network Prod.*, 902 F.2d 829 (11th Cir. 1990); *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988); *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779 (8th Cir. 1988)). Knowledge of infringement may be constructive rather than actual; "it need not be proven directly but may be inferred from the defendant's conduct." *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010 (2d Cir. 1995).

Moreover, it is well settled that "willfulness in this context means that the defendant 'recklessly disregarded' the possibility that its conduct represented infringement." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 112 (2d Cir. 2001) (affirming jury's finding of willfulness); *Knitwaves*, 71 F.3d at 1010 ("Reckless disregard of the copyright holder's rights . . . suffices to warrant award of the enhanced damages."); *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1020 (7th Cir. 1991) (finding willful infringement where the infringer has acted in reckless disregard of the copyright owner's rights), *cert. denied*, 112 S. Ct. 181 (1991); *Wildlife Express Corp. v. Carol Wright Sales*, 18 F.3d 502, 506 (7th Cir. 1994) (defendant found liable for willful copyright infringement where she showed reckless disregard as to copyright in merchandise purchased abroad); *RCA/Ariola Int'l,* 845 F.2d at 779 ("reckless disregard of the copyright holder's rights - rather than actual knowledge of infringement - suffices to warrant

award of the enhanced damages"); *Albarran v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 708 (9th Cir. 2008) ("recklessness is sufficient for a finding of willful copyright infringement"); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("Although the [Copyright Act] does not define willful, it has consistently been defined as including reckless behavior.").

Indeed, this Court recently held that infringement is willful when the infringer knew or should have known that his action was copyright infringement. *Fitzgerald v. CBS Broad., Inc.*, 491 F. Supp. 2d 177, 190 (D. Mass. 2007).

The inclusion of "reckless disregard" in the standard is critical. Many defendants will self-servingly attest that they did not know that they were engaging in copyright infringement. Merely testifying as such should not automatically protect a defendant from being held liable as a willful infringer when the statement flies in the face of practical realities.

> **B.    Model Jury Instructions Provide That Mere Knowledge Is Sufficient To Establish Willfulness.**

The ABA Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation Model Instruction 1.7.7 (2008), "State of Mind and Corresponding Ranges of Statutory Damages" defines willful infringement as follows:

> Innocent Infringement: An infringement is innocent if defendant was not aware, and had no reason to believe, that his acts constituted an infringement of conduct. . . . If plaintiff provided proper notice of copyright prior to the infringement, such as by affixing a copyright notice on the work, the infringement cannot be innocent.
>
> \*\*\*
> *Willful Infringement:* An infringement is willful if defendant had actual knowledge that he was infringing plaintiff's copyright, or acted in reckless disregard of that right. It is plaintiff's burden to prove, by a preponderance of the evidence, that the infringement was willful.
>
> You need not find that defendant acted maliciously in order to find willful infringement. Also, you may infer defendant's state of mind, including reckless disregard, from him conduct.
> \*\*\*

9

> *Infringement Neither Innocent Nor Willful*:  If you find that the infringement was neither innocent nor willful, you must award between $750 and $30,000 for each work so infringed.

As demonstrated above, the Court's proposed instruction runs counter to decades of well established case law from courts around the country, and would inexplicably change the standard for willfulness recently announced by this Court in *Fitzgerald*, 491 F. Supp. 2d at 190.

Plaintiffs are not aware of a single case in which a court required a plaintiff prove "more than mere knowledge of infringement" to establish willfulness and instructed the jury to consider several factors in determining willfulness.  Proposed Instruction 110 would improperly carve out a new definition of "willfulness" for the benefit of this Defendant.

## IV. THE COURT'S PROPOSED INSTRUCTION REGARDING WILLFULNESS FAILS TO SET FORTH A CLEAR AND COMPREHENSIBLE STANDARD.

### A. There Is No Such Thing As "More Than Mere Knowledge" In This Context.

Plaintiffs have no idea what it means to have "more than mere knowledge" that Defendant's actions constitute copyright infringement.  Generally speaking, defendants either have knowledge, reckless disregard or no knowledge.  The concept of "more than mere knowledge" seeks to create a requirement that is in many respects, incomprehensible.  As the First, Fifth and Eleventh Circuit have all stated, jury instructions must provide "the jury with the instructional equivalent of the mariner's compass and sea-lane map in order that the lay jurors might successfully complete their voyage." *Midwest Precision Services, Inc. v. PTM Industries Corp.*, 887 F.2d 1128, 1137 (1st Cir. 1989), *quoting Jamison Co., Inc. v. Westvaco Corp.*, 526 F.2d 922, 934 (5th Cir.1976); *King v. Allstate Ins. Co.,* 906 F.2d 1537, 1543 (11th Cir. 1990) (same).  *See U.S. v. Potter*, 463 F.3d 9, 18 (1st Cir. 2006) ("Broadly speaking, the instructions must give the jury an accurate picture of the pertinent law."); *Muniz-Olivari v. Stiefel Labs., Inc.*, 496 F.3d 29, 37 (1st Cir. 2007), *citing Gifford v. Am. Can. Caribbean Line, Inc.,* 276 F.3d 80, 84

(1st Cir.2002); *Levinsky's, Inc. v. Wal-Mart Stores, Inc.,* 127 F.3d 122, 135 (1st Cir.1997) ("The Court's focus should be on whether an instruction adequately illuminates pertinent law without unduly confusing matters or misleading the jury."). Proposed Instruction 110 not only fails to provide a magnetic north, it fails to even inform the jury on how to read the compass.

### B. Other Similar Laws Do Not Require More Than Intent Or Knowledge.

The most perverse effect of requiring Plaintiffs to prove that Defendant had "more than mere knowledge" that his acts constituted copyright infringement would be to reinterpret a widely used statutory term and give it a different meaning here than everywhere else. In *Acevedo-Cruz,* a <u>criminal</u> copyright infringement case, the court instructed the jury that: "[w]illfully means voluntary intentional violation of a known legal duty." *United States v. Acevedo-Cruz*, Case No. 04-381(DRD), Jury Instruction No. 19 (D.P.R. Nov. 22, 2005). In determining willfulness, the court further instructed that:

> The intent which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

*Id*. Finally, the *Acevedo-Cruz* court also instructed the jury that "willful blindness" was one way of satisfying the knowledge requirement for willfulness. *See Acevedo-Cruz*, Case No. 04-381(DRD), Jury Instruction No. 20 ("[i]n deciding whether the defendant acted knowingly, you may infer that the defendant had knowledge of a fact if you find that [he] deliberately closed [his] eyes to a fact that otherwise would have been obvious to [him]."). Here, the draft jury instruction's requirement that willfulness requires "more than mere knowledge" sets a standard for willfulness that is higher than the standard of proving criminal copyright infringement.

Draft Jury Instruction 110 would also create a different standard for willful infringement in copyright cases, on one hand, and trademark and patent cases, on the other. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) (noting with approval that its resolution of the permanent injunction standard in the patent context created harmony with copyright law). In trademark and patent cases, this Circuit has consistently recognized that willfulness requires deliberate indifference, intent, voluntariness, or knowledge. *See, e.g., Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 43 (1st Cir. 2006) (in the context of a patent case that the "jury instructions permitted the jury to base its willfulness finding on 'deliberate indifference'"); *Tamko Roofing Products, Inc. v. Ideal Roofing Co., Ltd.,* 282 F.3d 23, 31 (1st Cir. 2002) (the jury, in considering a trademark infringement, was instructed as to the meaning of willfulness that "'[a]n act is done willfully if done voluntarily and intentionally'").

In a recent case, *Visible Systems Corp. v. Unisys Corp.*, 2008 WL 352488 (D. Mass. 2008), the jury in a trademark infringement case was instructed that if it found the defendant liable for infringement, it should then consider whether that conduct was willful. The court then instructed: "To establish willfulness, [plaintiff] must prove by a preponderance of the evidence that: (1) [defendant] knew of [plaintiff's] mark; (2) that [defendant] either knew of or was deliberately indifferent to the fact that it would infringe [plaintiff's] mark; and (3) that it intentionally launched the [infringing] campaign despite such a state of mind."

Reviewing that decision, the First Circuit further discussed willfulness, and compared it to bad faith, explaining that while bad faith "'refers to an attempt by a junior user to exploit the good will and reputation of a senior user with the intent to sow confusion,' willfulness… arises when an infringer proceeds despite <u>knowledge</u> of the senior user's trademark.'" *Visible Systems Corp. v. Unisys Corp.*, 551 F.3d 65, 75 (1st Cir. 2008), *quoting Star Indus., Inc. v. Bacardi & Co.,* 412 F.3d 373, 388 (2d Cir. 2005) (emphasis added).

12

V.      "WILLFUL" HAS A CLEAR AND UNAMBIGUOUS MEANING.

   A.     The Court Is Required To Look To The Plain Meaning Of The Statutory Language.

Rules of statutory construction require the court to look to the plain meaning of the statute. If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive. *Consumer Prod. Safety Comm'n v. Gte Sylvania*, 447 U.S. 102, 108 (1980). The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (citations omitted). When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete." *Id.*

In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (citing Roget's International Thesaurus § 622.7, p. 479; § 653.9, p. 501 (4th ed. 1977)). Moreover, the word "willful" is widely used in the law and has a well-established meaning in the civil context to mean a knowing or reckless violation of a standard. *McLaughlin*, 486 U.S. at 133; *Safeco. Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007) (citing *United States v. Illinois Central R. Co.*, 303 U.S. 239, 242-43 (1938)) ("willfully," as used in a civil penalty provision, includes "'conduct marked by careless disregard whether or not one has the right so to act'") (other citations omitted). Thus, the unambiguous statutory language, read in its common and generally understood sense, provides for increased statutory damages where the defendant had knowledge or recklessly disregarded that his actions constituted copyright infringement. Accordingly, it would be improper to reinterpret the language to require a higher level of culpability than Congress intended.

### B. The Factors The Court Has Proposed Are Not Within The Clear And Unambiguous Meaning Of "Willful."

Draft Jury Instruction 110 sets forth a set of factors that the jury may consider in determining whether the defendant "had more than mere knowledge." Those factors include: "the extent to which the infringer disregarded the rights of the copyright holder, the deliberateness of his infringing acts, the infringer's purpose or motivation, any knowing effort to conceal his identify in connection with the infringement and any indications of unethical or injurious commercial conduct related to the infringement." Those factors are without any legislative basis or support in the case law and appear to have been created specifically for this case. It is not for a court to legislate beyond the plain meaning of the statute. *Mullane v. Chambers*, 333 F.3d 322, 330 (1st Cir. 2003); *Pritzker v. Yari*, 42 F.3d 53, 67-68 (1st Cir. 1994) ("We will not depart from, or otherwise embellish, the language of a statute absent either undeniable textual ambiguity or some other extraordinary consideration"); *ABC v. United States*, 129 F.3d 1243, 1245 (Fed. Cir. 1997) (rejecting proposed additional considerations not referenced in the statute or legislative history).

Moreover, the factors set forth in the draft instructions do not save "more than mere knowledge" from being ambiguous and improper. Indeed, the first of factor, "the extent to which the infringer disregarded the rights of the copyright holder," suffers from ambiguity. It seems that one either disregards something or not. It is not clear what it means to do more than disregard something. To the extent that such a factor should be included, it should be edited to read: "whether the defendant disregarded the copyright holder's rights." The second factor, "the deliberateness of his infringing acts," is not only ambiguous, but is redundant of the first factor. It seems impossible that an infringer disregarded the rights of a copyright holder, yet did not act deliberately. The third factor "the infringer's purpose or motivation" implies that there is a

14

malice requirement in order to establish willful copyright infringement. Such a requirement would clearly disregard the language of the statute, extensive case law and commonsense. The fourth factor, any knowing effort to conceal his identity in connection with the infringement suffers multiple problems. It implies that in order to prove willful infringement, a plaintiff must establish that defendant was not brazen in his conduct. An infringer who openly and notoriously infringes could not be labeled a willful infringer. Only those infringers who are surreptitious and "knowingly" surreptitious could be found to be willful. Finally, the fifth factor, "indications of unethical or injurious commercial conduct related to the infringement" has two significant problems. First, the factor appears to bake into the definition of willfulness a concept that there could be ethical infringement. Obviously, the law recognizes no such concept. Second, "injurious commercial conduct" seems to imply that a copyright holder must prove actual damages in order to succeed in proving willfulness, and that the infringement must be commercial in nature. Such a requirement would seem to establish that those infringers who simply give a copyright holder's intellectual property away for free could not be held responsible as willful infringers.[4]

Nowhere in the text of legislative history did Congress express any intent to limit recovery for willful infringement to those situations where the defendant disregarded copyright to a great extent, was very deliberate in his actions, had a specific purpose, concealed his identity, or caused unethical or injurious commercial conduct. To the contrary, the statutory language provides a clear standard – willful infringement is that done with knowledge or reckless

---

[4] Ironically, the impact of an infringer who gives a copyright holder's property away for free is likely more profound than the infringer who sells the infringing intellectual property. The later, at least, maintains in the public view that there is value in the copyrighted work and, at least, allows the copyright holder to compete in the marketplace with the infringer. The former who gives the infringing product away for free likely destroys the copyright holder's market for its works.

disregard - the Court's analysis should end here. Accordingly, these limitations on, or of modifications of, the statutory language have no place in the jury instruction on willfulness.

## VI. STRUCTURE OF INSTRUCTION IS INEQUITABLE.

In addition to the fact that Draft Jury Instruction 110 misstates the law regarding willfulness, the overall structure of the proposed instruction is inequitable and improper. The instruction begins by setting forth the damage range for willful infringement before even defining what willfulness is. As the model jury instructions provide, the Court should first define the two levels of copyright infringement, provide the standard damage range of $750 to 30,000 and then explain that an increase in damages to up to $150,000 is allowed, in the jury's discretion, if they find willful infringement. The instruction as written improperly skews the analysis to discourage a finding of willfulness in a way that is inconsistent with the law and the standard jury instructions, including the model instructions on this very point. Moreover, it makes no sense to provide the outer limit of willful infringement damages, followed by a sentence that's only purpose appears to be to implicitly encourage a minimum damage award, before the term at issue is even defined or placed in context.

## VII. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court adopt an instruction willful copyright infringement consistent with the caselaw and the model jury instructions, as set forth in Plaintiffs' proposed jury instructions Nos. 23 and 29-33 (Doc. 886-7).

Respectfully submitted this 30th day of July, 2009.

SONY BMG MUSIC ENTERTAINMENT;
WARNER BROS. RECORDS INC.;
ATLANTIC RECORDING CORPORATION;
ARISTA RECORDS LLC; and UMG
RECORDINGS, INC.

By their attorneys,

/s/ Eve G. Burton_____
Timothy M. Reynolds (*pro hac vice*)
Eve G. Burton (*pro hac vice*)
Laurie J. Rust (*pro hac vice*)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
timothy.reynolds@hro.com

Matthew J. Oppenheim (*pro hac vice*)
THE OPPENHEIM GROUP
7304 River Falls Drive
Potomac, MD 20854
Telephone (301) 299-4986
Facsimile: (866) 766-1678
matt@oppenheimgroup.net

Daniel J. Cloherty
DWYER & COLLORA, LLP
600 Atlantic Avenue - 12th Floor
Boston, MA 02210-2211
Telephone: (617) 371-1000
Facsimile: (617) 371-1037
dcloherty@dwyercollora.com

*ATTORNEYS FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 30, 2009.

                                                /s/ Daniel J. Cloherty