UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CAPITOL RECORDS, INC., et al., | ) | |
| Plaintiffs, | ) | Civ. Act. No. 03-cv-11661-NG |
| | ) | (LEAD DOCKET NUMBER) |
| v. | ) | |
| | ) | |
| NOOR ALAUJAN, | ) | |
| Defendant. | ) | |

|  |  |  |
|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT, | ) | |
| et al., Plaintiffs, | ) | Civ. Act. No. 07-cv-11446-NG |
| | ) | (ORIGINAL DOCKET NUMBER) |
| v. | ) | |
| | ) | |
| JOEL TENENBAUM, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM AND PROPOSED JURY INSTRUCTION
REGARDING THE FACTORS FOR DETERMINING STATUTORY DAMAGES.**

Plaintiffs respectfully submit this Memorandum and Proposed Jury Instruction regarding

the Factors for Determining Statutory Damages.

**I.      Plaintiffs' Proposed Jury Instruction.**

Draft Jury Instruction 109 as currently drafted sets forth a series of factors for the jury to

consider in determining the amount of damages to assess.  Plaintiffs submit that the series of

factors should provide guidance to the jury on a determination of damages for either non-willful

or willful infringement.  Plaintiffs submit that in determining the just amount of damages, the

jury should consider the following factors:

1.      The nature of the infringement;

2.      Defendant's intent;

3.      Defendant's knowledge of his activities;

4.      The profit Defendant reaped and/or the expense Defendant saved;

5.      The revenue Plaintiffs lost;

6.      The value of the copyright;

7.      The duration of infringement;

8.      The extent of the distribution of the copyrighted works;

9.      Any infringing conduct beyond the copyrighted works at issue in the case;

10.     Any continuation of infringement after being put on notice of potential copyright claims;

11.     Any post-infringement conduct intending to hide or obscure the infringing behavior;

12.     The need to deter Defendant and other potential infringers.

## II.     Points And Authorities In Support Of Plaintiffs' Proposed Factors For Determining Statutory Damages.

As explained below, Plaintiffs have added additional factors, altered the language in some of the factors, and eliminated other factors so that the instruction conforms to well-established case law and to serve the purposes of the Copyright Act.

First, Plaintiffs changed "whether profit was gained by Defendant" to "the profit Defendant reaped and/or the expense Defendant saved."  Courts in the First Circuit have consistently found "expenses saved and profits reaped by the defendant in connection with the infringement" to be a relevant factor in determining statutory damages.  *See Broadcast Music, Inc. v. Dugas Music Serv.,* 1986 U.S. Dist. LEXIS 19972, 8-9 (D. Mass. Sept. 24, 1986); *Rare Blue Music, Inc. v. Guttadauro*, 616 F. Supp. 1528, 1530 (D. Mass. 1985); *Emi Mills Music, Inc.*

2

*v. Empress Hotel, Inc.*, 470 F. Supp. 2d 67, 73 (D.P.R. 2006); *Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1296 (D.R.I. 1982).

Plaintiffs also changed "the deterrent effect of the damages award on other potential infringers" to "the need to deter this Defendant and other potential infringers."  The Court's proposed instruction overlooks the need to deter Defendant, which is a well-recognized factor in determining the award.  *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. N.Y. 1986) (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc*., 344 U.S. 228, 233 (1952)); *see Yash Raj Films (USA) Inc. v. Sur Sangeet Video Elecs. Inc*., 2008 U.S. Dist. LEXIS 14951, at *10 (D.N.J. Feb. 28, 2008) ("statutory damages must be awarded in an amount sufficient to deter Defendants and others from trafficking in unauthorized copies of Plaintiff's Works"); *Gregerson v. Vilana Fin., Inc*., 2008 U.S. Dist. LEXIS 11727, at *17 (D. Minn. Feb. 15, 2008) ($10,000 award for infringing photographs "serves the interests of justice in acknowledging both the need to compensate Plaintiff and deter Defendants from future infringement"); *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, 2005 U.S. Dist. LEXIS 416, at *26 (E.D. Pa. Jan. 11, 2005) (imposing statutory damages "in an amount that ensures Defendants will not engage in similar infringing behavior in the future"); *Lowry's Reports, Inc. v. Legg Mason, Inc*., 302 F. Supp. 2d 455, 460 (D. Md. 2004) (statutory damages serve to deter the defendant); *Elektra Entm't Group, Inc. v. Bryant*, 2004 U.S. Dist. LEXIS 26700 (C.D. Cal. Feb. 13, 2004) (award of statutory damages reasonable and appropriate in light of the need to deter this Defendant and others from violating Plaintiffs' rights in the future).

Plaintiffs also added proposed factors to reflect the objectives of the Copyright Act. First, Plaintiffs added two related factors: "the extent of the distribution of the copyrighted and "any infringing conduct beyond the copyrighted works at issue in the case."  In allowing

#1421988 v1 den

Plaintiffs to conduct a forensic examination of Defendant's Gateway computer, the Court noted that "how substantial, continuous, and significant his file-sharing activities actually were" is squarely at issue for purposes of determining damages.  Doc. 826.  *See also Microsoft Corp. v. No*p, 549 F. Supp. 2d 1235, 1238 (E.D. Cal. 2008) (An award of $30,000 for each of nine works infringed is in line with defendant's persistence in the unlawful distribution); *RSO Records, Inc. v. Peri*, 596 F. Supp. 849, 862-63 (S.D.N.Y. 1984) (defendant's "large-scale and willful infringing activity" warranted award of maximum statutory damages).

Similarly, Plaintiffs added "any post-infringement conduct intending to hide or obscure the infringing behavior," as a factor.  *See Sony Music Entertainment Inc. v. Global Arts Prods*., 45 F.Supp.2d 1345 (S.D. Fla. 1999) (entering default judgment and awarding maximum statutory damages for willful infringement where defendants engaged in conduct to hide their infringing behavior).  Defendant's admitted lies in his sworn discovery responses, his attempts to blame everyone from his sisters to the foster child, and even the burglar, and his incomplete and evasive deposition testimony establish that he attempted to conceal his infringing behavior right up until trial, and these actions should be taken into account in determining statutory damages.  *See Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986) (whether a defendant has cooperated in providing evidence of infringement is a factor in awarding statutory damages); *Scafa-Tornabene Art Publ'g Co. v. Pride Prods. Corp*., 2007 U.S. Dist. LEXIS 66501, at *5 (S.D.N.Y. June 4, 2007) ("the degree to which the defendant cooperates in discovery during the infringement action" is a factor in assessing statutory damages).

Plaintiffs' Proposed Instruction also eliminates two factors.  First, Plaintiffs eliminated the "means employed" factor.  There is simply no authority to support this factor in determining the amount of statutory damages.  Defendant is no less culpable, and liable for no less damages,

4

because he used P2P networks to infringe Plaintiffs' copyrighted sound recordings.  Indeed, this instruction would result in a smaller damage award for those who infringement via the Internet – a result squarely at adds with Congressional intent.  *See* H.R. Rep. No. 106-216, at 2 (1999) (explaining the need to increase minimum statutory damages in order to have a significant deterrent effect on copyright infringement on the Internet).

Plaintiffs also eliminated "the effects of the defendant's infringing activity."  This factor is subsumed by "the expense Defendant saved," and  "the revenue Plaintiffs lost."  Including this redundant factor improperly places additional weight on profits gained or income lost, a factor most courts do not attach great weigh to, because the amounts are difficult to monetize, and may be marginal at best.  *Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1296 (D.R.I. 1982).

## III.    Defendant's Proposed Factors Are Without Support In Law Or Logic.

On July 30, 2009, Defendant submitted a proposed jury instruction on damages.  As a preliminary matter, Defendant cites no authority for his proposed instruction.  To the contrary, Defendant's instruction appears to be new "musings" as to what he would like considered in awarding damages so as to limit his potential liability.  However, as this case, and this jury instruction, are limited to the law as written, Defendant's proposed instruction must be rejected. *See Segrets, Inc. v. Gillman Knitwear Co*., 42 F. Supp. 2d 58, 83 (D. Mass. 1998) (The amount of the award should "further the objectives of the Copyright Act, namely, to compensate copyright owners for a past infringement and to deter future infringement.").

Defendant's proposed factors must each be rejected.  Defendant first proposes a factor as follows: "whether or not the infringement was for a commercial purpose, or for profit."  This proposal is problematic for three different reasons.  First, it omits the standard language that a jury should also consider, any "expense saved by Defendant."  As demonstrated above, courts in

5

this Circuit have found this to be a necessary corollary to "profit reaped."  *See e.g., Broadcast Music,* 1986 U.S. Dist. LEXIS 19972, 8-9.  Second, the factor refers to commerciality.  Plaintiffs are not aware of a single case in which "commercial purpose," separate and apart from profits reaped and/or expenses saved, was a factor in determining statutory damages.  Moreover, Defendant seeks to introduce commerciality as a factor without defining it.  As Plaintiffs have noted through this litigation, in deciding whether a use is commercial, courts ask whether it "primarily served defendant's private interests rather than the public interest in underlying copyright law."[1]  *Fitzgerald*, 491 F. Supp. 2d at 184; *Arica Inst., Inc. v. Palmer*, 970 F. 2d 1067, 1077 (2d Cir. 1992).  Jury instructions must provide "the jury with the instructional equivalent of the mariner's compass and sea-lane map in order that the lay jurors might successfully complete their voyage."  *Midwest Precision Services, Inc. v. PTM Industries Corp*., 887 F.2d 1128, 1137 (1st Cir. 1989) (citation omitted).  *See U.S. v. Potter*, 463 F.3d 9, 18 (1st Cir. 2006) ("Broadly speaking, the instructions must give the jury an accurate picture of the pertinent law."); *Levinsky's, Inc. v. Wal-Mart Stores, Inc.,* 127 F.3d 122, 135 (1st Cir. 1997) ("The Court's focus should be on whether an instruction adequately illuminates pertinent law without unduly confusing matters or misleading the jury.").  As Defendant's first proposed factor departs from well-established case law and unnecessarily muddies the waters, it must be rejected.  Third, in large measure, this concept is subsumed by Plaintiffs' proposed factor 4.  If commercial purpose were included, in addition to profit reaped and/or expense saved, it would place greater weight on the fallacious assertion that Defendant's infringing activities are somehow non-commercial.

---

[1] Similarly, Section 101 of the Copyright Act defines "financial gain" as the "expectation of receipt, of anything of value, including the receipt of other copyrighted works."  17 U.S.C. § 101.  Clearly, a person who engages in file-sharing does so with the expectation of receiving copyrighted works in return, and, thus, does so for financial gain.  *A&M Records v. Napster, Inc*., 239 F.3d 1004, 1015 (9th Cir. 2001) (file trading by Napster users constituted a "commercial use" for purposes of the fair use analysis).

Defendant's second proposed factor, "whether or not the infringer acted maliciously with the intent to injure the copyright holder," must be rejected because it is based on Defendant's unsupported conclusion that maximum statutory damages are reserved for malicious commercial enterprises. *See* Doc. 907 at 2. Indeed, a showing of malice is not required to award the maximum statutory damages for either non-willful or willful infringement. *See* Doc. 906 (Plaintiffs' Response to Jury Instruction No. 110). To the contrary, no state of mind is required to award up to $30,000, and upon a showing of mere knowledge or reckless disregard, up to $150,000 can be awarded. S*ee e.g., Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999) (maximum statutory damages awarded against professor who willfully infringed by continuing to use copyrighted materials after he was put on notice of infringement); *Leegin Creative Leather Prods. v. Belts by Nadim, Inc*., 316 Fed. Appx. 573, 574 (9th Cir. 2009) (maximum statutory damages of $150,000 awarded where defendant willfully infringed by continuing to sell watches after being put on notice of infringement); *Axact (PVT), Ltd. v. Student Network Res., Inc*., 2008 U.S. Dist. LEXIS 86455, at *6 (D.N.J. Oct. 20, 2008) (awarding maximum statutory damages where defendant showed "indifference to U.S. copyright law"). As Defendant's second factor improperly suggests that malice and intent to injure are required to award maximum statutory damages, it must be rejected.

Finally, Defendant's third proposed factor of "the age and maturity of the infringer" must be rejected as patently absurd. The Copyright Act treats all infringers, whether they are mature twenty year olds, immature forty year olds, or young at heart sixty year olds, the same.[2]

---

[2] Defendant is a grown man. He was a twenty year old college sophomore when he began infringing and continued to do so until his mid twenties, when he was a PhD student and teacher. Defendant's attempt to escape liability by claiming that "he was just a kid" is insincere and should not be allowed in jury instructions. Indeed, there is absolutely no authority to suggest

It is clear that Defendant has crafted his proposed jury instruction in an attempt to escape a substantial statutory damages award for his admitted infringement.  But because his proposed instruction is without any legal support and would contravene the purpose of the Copyright Act, it must be rejected.

---

that Defendant should be assessed a smaller damage award then any other competent adult based on his age.

#1421988 v1 den

Respectfully submitted this 31st day of July, 2009.

SONY BMG MUSIC ENTERTAINMENT;
WARNER BROS. RECORDS INC.;
ATLANTIC RECORDING CORPORATION;
ARISTA RECORDS LLC; and UMG
RECORDINGS, INC.

By their attorneys,

By:   s/ Eve G. Burton

Timothy M. Reynolds (pro hac vice)
Eve G. Burton (pro hac vice)
Laurie J. Rust (pro hac vice)
HOLME ROBERTS & OWEN LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200
Email:     timothy.reynolds@hro.com

Matthew J. Oppenheim (*pro hac vice*)
THE OPPENHEIM GROUP
7304 River Falls Drive
Potomac, MD 20854
Telephone (301) 299-4986
Facsimile:  (866) 766-1678
Email:  matt@oppenheimgroup.net

Daniel J. Cloherty
DWYER & COLLORA, LLP
600 Atlantic Avenue - 12th Floor
Boston, MA 02210-2211
Telephone:  (617) 371-1000
Facsimile:  (617) 371-1037
dcloherty@dwyercollora.com

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on July 31, 2009.

<u>    s/ Bernice Weinstein</u>

#1421988 v1 den