# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SONY BMG MUSIC ENTERTAINMENT, et al.,** ) | |
|     Plaintiffs, ) | Case No. 03CV11661-NG |
| ) | LEAD DOCKET NO. |
| ) | |
| v. ) | |
| ) | Case No. 07CV11446-NG |
| **JOEL TENENBAUM,** ) | ORIGINAL DOCKET NO. |
|     Defendant. ) | |

**GERTNER, D.J.:**

## JURY INSTRUCTIONS
July 31, 2009

**I.    Copyright in General**

A.  This is an action for copyright infringement. A "copyright" is the exclusive right to copy. A copyrighted work can comprise a number of different kinds of work including a musical work.

    1.  The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

    2.  One who either (1) reproduces, or (2) distributes a copyrighted work during the term of the copyright, infringes the copyright, unless licensed or authorized by the copyright owner.

B.  In this case, each plaintiff contends that it is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, and that the defendant, Joel Tenenbaum, without the permission or consent of such plaintiff, used a peer-to-peer network to download the plaintiffs' copyrighted recordings and/or distribute the copyrighted recordings to the public.

    1.    Each plaintiff contends that Mr. Tenenbaum's actions constitute infringement of its exclusive rights under copyright law.

    2.    The sound recordings at issue are the five that are listed in Exhibit 55, and the 25 that are listed in Exhibit 56.

**II.    Elements**

    A.  For each sound recording on which the plaintiffs claim copyright infringement, they must prove two things in order to prevail:

        <u>First</u>, that one of the plaintiffs is the owner of a work protected by the Copyright Act;

        <u>Second</u>, that the defendant infringed one or more of the rights granted by the Act to the copyright holder.

    B.  In this case, there is no issue as to liability.

**III.    Damages**

Because there is no issue as to liability, you must decide on damages. When you do, you must select a damages award within the specified statutory range.

A.    <u>Statutory Damages</u>

Each plaintiff has elected to recover "statutory damages" instead of its actual damages for the defendant's copyright infringement.

1. The Copyright Act entitles a plaintiff to a sum of not less than $750 and not more than $30,000 per act of infringement (that is, per sound recording downloaded or distributed without license), as you consider just.

2. In determining the just amount of statutory damages to award against an infringing defendant, the jury is entitled to weigh a number of factors. Among those factors, you may consider:

    (a)    The nature of the infringement;
    (b)    The defendant's purpose and intent;
    (c)    The profit that the defendant reaped, if any, and/or the expense that the defendant saved;
    (d)    The revenue lost by the plaintiff as a result of the infringement;
    (e)    The value of the copyright;
    (f)    The duration of the infringement;
    (g)    The defendant's continuation of infringement after notice or knowledge of copyright claims; and
    (h)    The need to deter this defendant and other potential infringers.

This list of factors is not exhaustive, nor have they been offered in any particular order. You may include any other considerations you believe relevant to a just and appropriate determination of damages.

B.    <u>Willful Infringement</u>

If you find that the defendant's infringement of a copyrighted work was willful, the Copyright Act entitles a plaintiff to a sum of not less than $750 and not more than $150,000 per act of infringement (that is, per sound recording downloaded or distributed without license), as you consider just.

1. "Willful" means that a defendant had knowledge that his actions constituted copyright infringement or acted with reckless disregard for the copyright holder's rights.

2. In determining the just amount of statutory damages for a defendant who infringed willfully, you may consider the willfulness of the defendant's conduct together with all those factors listed above in connection with statutory damages.

3. Knowledge or intent may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

4. Reckless disregard can be inferred from continuous infringement, a past pattern of infringement, continuing infringement despite warnings, or other circumstances.