

# Holme Roberts & Owen LLP
*Attorneys at Law*

BOULDER

COLORADO SPRINGS

DENVER

LONDON

LOS ANGELES

MUNICH

PHOENIX

SALT LAKE CITY

SAN FRANCISCO

August 21, 2009

*Delivered Via ECF*

The Honorable Nancy Gertner
United States District Court
One Courthouse Way
Suite 4130
Boston, MA 02210

Re:   *Sony BMG Music Entertainment v. Tenenbaum* (Case No. 07cv11446;
      Consolidated Case No. 03cv11661)

Dear Judge Gertner:

We write in response to Mr. Nesson's letter of August 13, 2009 regarding his intention to post unauthorized audio and video recordings to the Internet. As explained in Plaintiffs' Motion to Compel Defense Counsel to Cease Unauthorized Recording Activities (Doc. No. 865), Mr. Nesson recorded portions of the depositions of Mr. Tenenbaum and Dr. Pouwelse surreptitiously and without any advance notice to Plaintiffs, as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(b)(3)(B) (requiring "prior notice" to the parties of any method of recording testimony). The surreptitious video recording of Dr. Pouwelse's Internet deposition is over 9 gigabytes in size and contains images of not only the witness, but of counsel as well. During this secret recording, Mr. Nesson and his assistant who made the recording frequently took their images off line, where they could not be recorded. Undersigned counsel for Plaintiffs, who had no knowledge of the recording and did not consent to it, was not afforded the same opportunity.

In his letter, Mr. Nesson states an intention to use these secret recordings for his teaching at the Harvard Law School and "on the Internet in the Court of Public Opinion." On behalf of myself and Mr. Oppenheim, we oppose Mr. Nesson's use of these unauthorized recordings and, for the reasons stated in this letter and in Plaintiffs' Motion, ask that Mr. Nesson be ordered to destroy them.

While we do not doubt the sincerity of Mr. Nesson's desire to teach and to defend his approach on this case, the unauthorized audio and video recordings made by Mr. Nesson are neither necessary nor appropriate for doing so.

Timothy M. Reynolds  303.417.8510  timothy.reynolds@hro.com
1801 13th Street, Suite 300  Boulder, Colorado 80302-5259  *tel* 303.444.5955  *fax* 303.866.0200

#1424758 v1 den

# Holme Roberts & Owen LLP
*Attorneys at Law*

The Honorable Nancy Gertner
August 21, 2009
Page 2

Indeed, Mr. Nesson has not attempted to make any showing of why these recordings are in any way necessary "for teaching the lessons to be learned from [this] litigation." Mr. Nesson is free to teach what he wants from the written transcripts, pleadings, and extensive newspaper and blog accounts of the proceedings, but no exception exists for the use of unauthorized recordings for academic purposes, and Mr. Nesson has not even tried to argue that his recordings were lawful, which they were not. Moreover, as a matter of courtesy, Plaintiffs have offered to Mr. Nesson that either or both Mr. Oppenheim and I would participate in a class or forum with Mr. Nesson to discuss the case.

Even before Mr. Nesson made these unauthorized recordings, the Court had repeatedly warned him that such recordings made without consent violate Massachusetts law. *See* Order of February 23, 2009 at 4 ("The parties are advised that any such recording without permission of the participants, as well as the broadcast of such communications, run afoul of Mass. Gen. L. c. 272, § 99.") and Order of June 16, 2009 at 2 (acknowledging that defense counsel had been "taping opposing counsel without permission (and in violation of law)."). Yet, despite these warnings, he has persisted in acting in contravention of the law and of the Orders of this Court.

In the end, the recordings at issue were made without the knowledge or consent of Plaintiffs' counsel and in violation of Massachusetts law, and Mr. Nesson should not be allowed to keep them or to use them for any purpose. Indeed, allowing Mr. Nesson to keep and use these surreptitious recordings would do nothing more than condone his misconduct. Why would anyone bother to follow the law or the rules of this Court if there are no consequences? For all of these reasons, the Court should order the immediate destruction of these recordings.

Sincerely yours,

Timothy M. Reynolds

#1424758 v1 den